**FILED**

AUG - 6 2009

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOM G. PALMER, )
   1935 17th St., N.W. # 2 )
   Washington, DC 20009 )
 )
GEORGE LYON, )
   1929 Biltmore St., N.W. )
   Washington, DC 20009 )
 )
EDWARD RAYMOND, )
   120 Fisherville Road #128 )
   Concord, NH 03303 )
 )
AMY McVEY )
   4600 Albemarle Street, N.W. )
   Washington, DC 20016 )
 )
   and )
 )
SECOND AMENDMENT FOUNDATION, INC. )
   12500 N.E. 10th Place )
   Bellevue, WA 98005 )
 )
   Plaintiffs, )
 )
   v. )
 )
DISTRICT OF COLUMBIA, )
   Serve: Mayor Adrian Fenty )
   c/o Office of Attorney General )
   1 Judiciary Square )
   441 4th Street, N.W., 6th Fl. South )
   Washington, D.C. 20001 )
 )
   and )
 )
CATHY LANIER, )
   300 Indiana Avenue, N.W. )
   Washington, DC 20004 )
 )
   Defendants. )
 )

Case No.

**COMPLAINT**

Case: 1:09-cv-01482
Assigned To : Kennedy, Henry H.
Assign. Date : 8/6/2009
Description: General Civil

# COMPLAINT

**COME NOW** the Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the defendants as follows:

## THE PARTIES

1. Plaintiff Tom G. Palmer is a natural person and a citizen of the United States and of the District of Columbia.

2. Plaintiff George Lyon is a natural person and a citizen of the United States and of the District of Columbia.

3. Plaintiff Edward Raymond is a natural person and a citizen of the United States.

4. Plaintiff Amy McVey is a natural person and a citizen of the United States and of the District of Columbia.

5. Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Washington, D.C. The purposes of SAF include promoting the exercise of the right to keep and bear arms; and education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

6. Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

7. Defendant Cathy Lanier is the Police Chief of the District of Columbia's Metropolitan Police Department. Defendant Lanier is responsible for executing and administering the District of Columbia's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Lanier is sued in both her individual and official capacities.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

10. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11. The Second Amendment guarantees individuals a fundamental right to carry functional handguns in non-sensitive public places for purposes of self-defense.

12. The District of Columbia retains the ability to regulate the manner of carrying handguns, prohibit the carrying of handguns in specific, narrowly defined sensitive places, prohibit the carrying of arms that are not within the scope of Second Amendment protection, and disqualify specific, particularly dangerous individuals from carrying handguns.

13. The District of Columbia may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive

Case 1:09-cv-01482-HHK    Document 1-4    Filed 08/06/2009    Page 6 of 20

individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

14. Almost all states basically respect the Second Amendment rights to carry a handgun for self-defense, in that the right to carry a handgun is either unregulated, or regulated to the extent that individuals passing a background check and completing a gun safety course are, as a matter of course, licensed to carry handguns. Numerous states license the carrying of handguns by non-residents and almost all states recognize at least some permits to carry handguns issued by other states. In some states, a license to carry a handgun is required only if the handgun is concealed.

15. D.C. Code § 7-2502.01(a) provides that "no person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm."

16. D.C. Code § 7-2502.02(a)(4) provides that a registration certificate "shall not be issued for a . . . [p]istol not validly registered to the current registrant in the District of Columbia prior to September 24, 1976," subject to three exceptions: organizations that employ special police officers or other licensed gun owners who are armed on duty, retired police officers, and "[a]ny person who seeks to register a pistol for use in self-defense within that person's home."

17. Defendants maintain a custom, practice and policy of refusing to entertain gun registration applications by individuals who do not reside in the District of Columbia. Defendants require gun registration applicants submit "[p]roof of residency in the District of Columbia (e.g., a valid DC operator's permit, DC vehicle registration card, lease agreement for a residence in the District, the deed to your home, or other legal document showing DC residency)."

18. D.C. Code § 22-4504(a) provides, "[n]o person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon capable of being so concealed." The first violation of this section by a non-felon is punishable by a fine up to $5,000 and imprisonment of up to five years.

19. Former D.C. Code § 22-4506 empowered the District of Columbia's police chief to issue licenses to carry handguns to individuals, including to individuals not residing in the District of Columbia. However, it was Defendant District of Columbia's policy for many years to not issue such licenses.

20. On December 16, 2008, the District of Columbia's City Council and Mayor repealed the Police Chief's authority to issue handgun carry licenses.

21. Accordingly, the District of Columbia lacks any mechanism to issue handgun carry licenses to individuals.

22. A first violation of the District of Columbia's ban on the ownership or possession of unregistered handguns is punishable as a misdemeanor by a fine of up to $1,000, imprisonment of up to one year, or both. A second offense is punishable as a felony by a fine of up to $5,000, imprisonment of up to five years, or both. D.C. Code § 7-2507.06.

23. Defendants' handgun registration application form requires applicants to "give a brief statement of your intended use of the firearm and where the firearm will be kept."

24. Plaintiff Tom G. Palmer has previously used a handgun, successfully, to defend himself from a gang of men who chased him while uttering death threats and anti-gay insults and slurs.

Case 1:09-cv-01482-HHK   Document 1-4   Filed 08/06/2009   Page 10 of 20

25. Plaintiff Tom G. Palmer would carry a functional handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun.

26. Plaintiff Tom G. Palmer sought to register a handgun in the District of Columbia so that he might carry it for self-defense. On or about May 12, 2009, defendant Lanier denied plaintiff Palmer's application to register a handgun, for the following reason:

> The intended use of the firearm as stated on your firearms registration application, "I intend to carry this firearm, loaded, in public, for self-defense, when not kept in my home" is unacceptable per the "Firearms Registration Emergency Amendment Act of 2008," which states that pistols may only be registered by D.C. residents for protection within the home.

27. Defendant Lanier subsequently approved Palmer's application to register the handgun for home self-defense.

28. Plaintiff George Lyon would carry a functional handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun in Washington, D.C. Lyon is licensed to carry handguns by the states of Virginia, Utah, and Florida. He has approximately 240 hours of firearms training, of which approximately 140 hours relate specifically to handguns.

29. Plaintiff George Lyon sought to register a handgun in the District of Columbia so that he might carry it for self-defense. On or about April 8, 2009, defendant Lanier denied plaintiff Lyon's application to register a handgun, for the following reason:

> The intended storage and use of the firearm as stated on your firearms registration application, "carrying personal protection, keep at home or office" is unacceptable per the "Firearms Registration Emergency Amendment Act of 2008," which states that pistols may only be registered by D.C. residents for protection within the home.

30. Defendant Lanier subsequently approved Lyon's application to register the handgun for home self-defense.

31. Plaintiff Edward Raymond is currently enrolled as a student in the Franklin Pierce Law Center in New Hampshire. He is also employed as a Patent Examiner, and owns a home in Waldorf, Maryland. Raymond holds a Master of Business Administration degree, as well as a Master of Science degree in Electrical Engineering. He has started various successful businesses, and is an honorably discharged Navy veteran.

32. On April 6, 2007, Plaintiff Raymond was stopped by District of Columbia Police for allegedly speeding. Although Raymond was never charged with a traffic violation, he was charged with carrying a pistol without a license because his loaded handgun was located in his car's center console. At the time, Raymond held valid permits to carry a handgun issued by the states of Maryland and Florida, and he still holds those permits.

33. Raymond subsequently pled guilty to misdemeanor possession of an unregistered firearm and unregistered ammunition. He successfully completed a sentence of probation.

34. On June 26, 2009, Plaintiff Edward Raymond sought to register a handgun in the District of Columbia. He was refused an application form on account of his lack of residence in the District.

35. Plaintiff Edward Raymond would carry a functional handgun in public for self-defense while visiting and traveling through Washington, D.C., but refrains from doing so because he fears another arrest and prosecution, as well as fine and imprisonment as he does not possess a license to carry a handgun in Washington, D.C.

Case 1:09-cv-01482-HHK   Document 1-4   Filed 08/06/2009   Page 14 of 20

36. Plaintiff Amy McVey would carry a functional handgun in public for self-defense, but refrains from doing so because she fears arrest, prosecution, fine, and imprisonment as she does not possess a license to carry a handgun in Washington, D.C. McVey is licensed by the state of Virginia to publicly carry a handgun.

37. Plaintiff Amy McVey sought to register a handgun in the District of Columbia so that she might carry it for self-defense. On July 7, 2009, defendant Lanier denied plaintiff McVey's application to register a handgun, for the following reason:

> The intended storage and use of the firearm as stated on your firearms registration application, "I intend to carry the loaded firearm in public for self-defense when not stored in my home" is unacceptable per the "Firearms Registration Emergency Amendment Act of 2008," which states that pistols may only be registered by D.C. residents for protection within the home.

## FIRST CLAIM FOR RELIEF
## U.S. CONST., AMEND. II, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

38. Paragraphs 1 through 37 are incorporated as though fully stated herein.

39. By requiring a permit to carry a handgun in public, yet refusing to issue such permits and refusing to allow the possession of any handgun that would be carried in public, Defendants maintain a complete ban on the carrying of handguns in public by almost all individuals.

40. Defendants' laws, customs, practices and policies generally banning the carrying of handguns in public violate the Second Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

Case 1:09-cv-01482-HHK    Document 1-4    Filed 08/06/2009    Page 16 of 20

SECOND CLAIM FOR RELIEF
U.S. CONST., AMEND. V, 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS

41.     Paragraphs 1 through 40 are incorporated as though fully stated herein.

42.     Defendants' laws, customs, practices and policies generally refusing the registration of firearms by individuals who live outside the District of Columbia violate the rights to travel and equal protection secured by the Due Process Clause of the Fifth Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.     An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing D.C. Code § 7-2502.02(a)(4) to ban registration of handguns to be carried for self-defense by law-abiding citizens;

2.     An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing D.C. Code § 22-4504(a), OR, in the alternative, ordering defendants to issue licenses to carry handguns to all individuals who desire such licenses and who have satisfied the existing requirements, aside from residence requirements, for the registration of a handgun;

    3.    An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from denying firearm registration and handgun carry permit applications made by otherwise qualified individuals on account of lack of residence within the District of Columbia;

    4.    Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

    5.    Declaratory relief consistent with the injunction; and

    6.    Any other further relief as the Court deems just and appropriate.

Dated: August 6, 2009                     Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: _____
     Alan Gura

Attorney for Plaintiffs

Case 1:09-cv-01482-HHK    Document 1-4    Filed 08/06/2009    Page 20 of 20