IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-HHK |
| | ) | |
| Plaintiffs, | ) | SEPARATE STATEMENT OF |
| | ) | UNDISPUTED MATERIAL |
| v. | ) | FACTS IN SUPPORT OF |
| | ) | PLAINTIFFS' MOTION FOR |
| DISTRICT OF COLUMBIA, et al., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COME NOW THE Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Separate Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

Dated: August 26, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
    Alan Gura

Attorney for Plaintiffs

## SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

| | FACT | | RECORD |
|---|---|---|---|
| 1. | Defendants prohibit the possession or control of any firearm not registered according to city law. | 1. | D.C. Code § 7-2502.01(a). |
| 2. | Individuals who are not retired police officers may only register a handgun "for use in self-defense within that person's home." | 2. | D.C. Code § 7-2502.02(a)(4); |
| 3. | Defendants require registration applicants to "give a brief statement of your intended use of the firearm and where the firearm will be kept." | 3. | Exh. A; Exh. B; Exh. C. |
| 4. | Defendants require registration applicants to "[s]ubmit proof of residency in the District of Columbia (e.g., a valid DC operator's permit, DC vehicle registration card, lease agreement for a residence in the District, . . .", etc.). | 4. | http://mpdc.dc.gov/mpdc/cwp/view,a,1237,q,566989.asp |
| 5. | A first violation of the District of Columbia's ban on the ownership or possession of unregistered handguns is punishable as a misdemeanor by a fine of up to $1,000, imprisonment of up to one year, or both. A second offense is punishable as a felony by a fine of up to $5,000, imprisonment of up to five years, or both. | 5. | D.C. Code § 7-2507.06. |
| 6. | "No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon capable of being so concealed." | 6. | D.C. Code § 22-4504(a). |
| 7. | The first violation of this section by a non-felon is punishable by a fine up to $5,000 and imprisonment of up to five years. | 7. | D.C. Code § 22-4504(a)(1) |

| **FACT** | **RECORD** |
|---|---|
| 8. Former D.C. Code § 22-4506 empowered the District of Columbia's police chief to issue licenses to carry handguns to individuals, including to individuals not residing in the District of Columbia. | 8. D.C. Code § 22-4506 (2008). |
| 9. It was Defendant District of Columbia's policy for many years to not issue such licenses to carry handguns to individuals. | 9. "It is common knowledge . . that with very rare exception licenses to carry pistols have Not been issued in the District of Columbia for many years and are virtually unobtainable." *Bsharah* v. United States, 646 A.2d 993, 996 n.12 (D.C. 1994). |
| 10. On December 16, 2008, the District of Columbia repealed the Police Chief's authority to issue handgun carry licenses. | 10. Inoperable Pistol Amendment Act of 2008, B17-593 |
| 11. The District of Columbia lacks any mechanism to issue handgun carry licenses to individuals. | 11. D.C. Code. |
| 12. Plaintiff Tom G. Palmer would carry a functional handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun. | 12. Exh. A; Palmer Decl., ¶ 2. |
| 13. Plaintiff Tom G. Palmer sought to register a handgun in the District of Columbia so that he might carry it for self-defense. | 13. Exh. A; Palmer Decl., ¶ 3. |

| | | | |
|---|---|---|---|
| 14. | On or about May 12, 2009, defendant Lanier denied plaintiff Palmer's application to register a handgun, for the following reason: "The intended use of the firearm as stated on your firearms registration application, 'I intend to carry this firearm, loaded, in public, for self-defense, when not kept in my home' is unacceptable per the 'Firearms Registration Emergency Amendment Act of 2008,' which states that pistols may only be registered by D.C. residents for protection within the home. | 14. | Exh. A.; Palmer Decl., ¶ 4. |
| 15. | Defendant Lanier subsequently approved Palmer's application to register the handgun for home self-defense. | 15. | Palmer Decl., ¶ 5. |
| 16. | Plaintiff George Lyon would carry a functional handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun in Washington, D.C. | 16. | Exh. B; Lyon Decl., ¶ 2. |
| 17. | Lyon is licensed to carry handguns by the states of Virginia, Utah, and Florida. He has approximately 240 hours of firearms training, of which approximately 140 hours relate specifically to handguns. | 17. | Lyon Decl., ¶ 3. |
| 18. | Lyon sought to register a handgun in the District of Columbia so that he might carry it for self-defense. | 18. | Exh. B; Lyon Decl., ¶ 4. |
| 19 | On or about April 8, 2009, defendant Lanier denied plaintiff Lyon's application to register a handgun, for the following reason: "The intended storage and use of the firearm as stated on your firearms registration application, 'carrying personal protection, keep at home or office' is unacceptable per the 'Firearms Registration Emergency Amendment Act of 2008,' which states that pistols may only be registered by D.C. residents for protection within the home." | 19. | Exh. B; Lyon Decl., ¶ 5. |
| 20. | Defendant Lanier subsequently approved Lyon's application to register the handgun for home self-defense. | 20. | Lyon Decl., ¶ 6. |

| | | | |
|---|---|---|---|
| 21. | Plaintiff Edward Raymond is currently enrolled as a student in the Franklin Pierce Law Center in New Hampshire. He is also employed as a Patent Examiner, and owns a home in Waldorf, Maryland. Raymond holds a Master of Business Administration degree, as well as a Master of Science degree in Electrical Engineering. He has started various successful businesses, and is an honorably discharged Navy veteran. | 21. | Raymond Decl., ¶¶ 1-2. |
| 22. | On April 6, 2007, Plaintiff Raymond was stopped by District of Columbia Police for allegedly speeding. | 22. | Raymond Decl., ¶ 3. |
| 23. | At the time of the stop, Raymond held valid permits to carry a handgun issued by the states of Maryland and Florida, and he still holds those permits. | 24. | Raymond Decl., ¶ 4. |
| 24. | Although Plaintiff Raymond was never charged with a traffic violation, he was charged with carrying a pistol without a license because his loaded handgun was located in his car's center console. | 23. | Raymond Decl., ¶ 5. |
| 25. | Plaintiff Raymond subsequently pled guilty to misdemeanor possession of an unregistered firearm and unregistered ammunition. He successfully completed a sentence of probation. | 25. | Raymond Decl., ¶ 6. |
| 26. | On June 26, 2009, Plaintiff Edward Raymond sought to register a handgun in the District of Columbia but was refused an application form on account of his lack of residence in the District. | 26. | Raymond Decl., ¶ 7. |
| 27. | Plaintiff Edward Raymond would carry a functional handgun in public for self-defense while visiting and traveling through Washington, D.C., but refrains from doing so because he fears another arrest and prosecution, as well as fine and imprisonment as he does not possess a license to carry a handgun in Washington, D.C. | 27. | Raymond Decl., ¶ 8. |

| | | | |
|---|---|---|---|
| 28. | Plaintiff Amy McVey would carry a functional handgun in public for self-defense, but refrains from doing so because she fears arrest, prosecution, fine, and imprisonment as she does not possess a license to carry a handgun in Washington, D.C. | 28. | Exh. C; McVey Decl., ¶ 2. |
| 29. | McVey is licensed by the state of Virginia to publicly carry a handgun. | 29. | McVey Decl., ¶ 3. |
| 30. | Plaintiff Amy McVey sought to register a handgun in the District of Columbia so that she might carry it for self-defense. | 30. | Exh. C; McVey Decl., ¶ 4. |
| 31. | On July 7, 2009, defendant Lanier denied plaintiff McVey's application to register a handgun, for the following reason: "The intended storage and use of the firearm as stated on your firearms registration application, 'I intend to carry the loaded firearm in public for self-defense when not stored in my home' is unacceptable per the 'Firearms Registration Emergency Amendment Act of 2008,' which states that pistols may only be registered by D.C. residents for protection within the home." | 31. | Exh. C; McVey Decl., ¶ 5. |
| 32. | Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | 32. | Gottlieb Decl., ¶ 2. |
| 33. | SAF has over 650,000 members and supporters nationwide, including Washington, D.C. | 33. | Gottlieb Decl., ¶ 3. |
| 34. | The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | 34. | Gottlieb Decl., ¶ 4. |
| 35. | SAF expends its resources encouraging exercise of the right to bear arms, and advising and educating its members, supporters, and the general public about the law with respect to carrying handguns in Washington, D.C. | 35. | Gottlieb Decl., ¶ 5. |

| | | | |
|---|---|---|---|
| 36. | The issues raised by, and consequences of, Defendants' policies, are of great interest to SAF's constituency. | 36. | Gottlieb Decl., ¶ 6. |
| 37. | Defendants' policies regularly cause the expenditure of resources by SAF as people turn to it for advice and information. | 37 | Gottlieb Decl., ¶ 7. |
| 38. | Defendants' policies bar the members and supporters of SAF from obtaining permits to carry handguns. | 38. | Gottlieb Decl., ¶ 8. |