IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-HHK |
| | ) | |
| Plaintiffs, | ) | PLAINTIFFS' OPPOSITION TO |
| | ) | DEFENDANTS' SEPARATE |
| v. | ) | STATEMENT OF FACTS |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' SEPARATE STATEMENT OF FACTS

COME NOW THE Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Opposition to Defendants' Separate Statement of Facts offered in Support of Defendants' Motion for Summary Judgment.

Dated: September 23, 2009            Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                  By:  /s/Alan Gura
                                           Alan Gura

                                           Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' SEPARATE STATEMENT OF FACTS

1. Objection. This is not a statement of fact, but a legal argument. No response is warranted. To the extent Defendants claim this supports their position, the "fact" is denied as incomplete, and for the reasons offered in Plaintiffs' pleadings.

2. Objection. This is not a statement of fact, but a legal argument. No response is warranted. To the extent Defendants claim this supports their position, the "fact" is denied as incomplete, and for the reasons offered in Plaintiffs' pleadings.

3. Objection. This is not a statement of fact, but a legal argument. No response is warranted. To the extent Defendants claim this supports their position, the "fact" is denied as incomplete, and for the reasons offered in Plaintiffs' pleadings.

4. Objection. This is not a statement of fact, but a legal argument. No response is warranted. To the extent Defendants claim this supports their position, the "fact" is denied as incomplete, and for the reasons offered in Plaintiffs' pleadings.

5. Objection. This is not a statement of fact, but a legal argument. No response is warranted. To the extent Defendants claim this supports their position, the "fact" is denied as incomplete, and for the reasons offered in Plaintiffs' pleadings.

6. Objection: not materially relevant to any disputed issue. Notwithstanding the objection and without waiving same, admitted.

7. Objection: not materially relevant to any disputed issue and argumentative.

8. Objection: not materially relevant to any disputed issue and argumentative.

9. Denied insofar as the District suggests its laws were not effective until May 20, 2009. The law was enforced against Plaintiffs Palmer and Lyon prior to that date. Exhs. A, B.

10. Admitted only to the extent that the City repealed former D.C. Code § 22-4506, otherwise, not materially relevant to any disputed issue and argumentative.

11. Objection: not materially relevant to any disputed issue and argumentative.

12. Objection: not materially relevant to any disputed issue and argumentative.

13. Objection: not materially relevant to any disputed issue and argumentative.

14. Objection: not materially relevant to any disputed issue and argumentative. Moreover, Defendant Lanier is not qualified to offer any opinions on the constitutionality of any law, nor do such self-serving opinions qualify as "facts."

15. Objection: not materially relevant to any disputed issue and argumentative. Moreover, Defendant Lanier is not qualified to offer any opinions on the constitutionality of any law, nor do such self-serving opinions qualify as "facts."

16. Objection: not materially relevant to any disputed issue and argumentative.

17. Objection: not materially relevant to any disputed issue and argumentative.

18. Objection: not materially relevant to any disputed issue and argumentative.

19. Objection: not materially relevant to any disputed issue and argumentative. Moreover, Defendant Lanier is not qualified to offer any opinions on the constitutionality of any law, nor do such self-serving opinions qualify as "facts."

20. Objection: not materially relevant to any disputed issue. Notwithstanding the objection and without waiving same, admitted.

21. Objection: argumentative. Notwithstanding the objection and without waiving same, denied as false and misleading. Hawaii does not prohibit the issuance of carry permits to non-residents. H.R.S. § 134-9. Alabama, California (in unincorporated areas), Nebraska, and Wisconsin allow the open carrying of guns without a license, and Nebraska and Alabama honor numerous states' permits to carry guns.

22. Objection: argumentative. Notwithstanding the objection and without waiving same, denied as false and misleading. Nebraska honors numerous states' permits to carry guns. California (in unincorporated areas), Nebraska and Wisconsin allow the open carrying of guns without a license. Connecticut, Iowa, Maryland, Massachusetts, New Jersey, and Rhode Island issue carry permits to non-residents

23. Objection: argumentative. Notwithstanding the objection and without waiving same, denied as false and misleading. Connecticut, Georgia, Hawaii, Indiana, Iowa, Maryland, Massachusetts, Minnesota, New Jersey, and Rhode Island all allow the open carry of handguns in public in urban areas provided the resident or non-resident holds a proper carry permit. *See*, *e.g.* R. I. Gen. Laws § 11-47-18; Connecticut Board of Firearms Gun Permit Issues, April 8, 2008 at http://www.ct.gov/bfpe/cwp/view.asp? a=1838& Q=418126&PM=1 ("GUN PERMIT-RELATED QUESTIONS:  1. Is there any statute prescribing that firearms must be carried concealed?  The answer is no. The law does not address this issue. But, with limited exceptions, it is illegal to carry a handgun, whether concealed or openly, without a permit, except in one's home or place of business (CGS § 29-35(a)").

24. Objection. argumentative. Notwithstanding the objection and without waiving same, denied. The 1858 Act banned only concealed carry of handguns. See Exh. E. In 1892, Congress enacted a statute that was effective until 1932 proscribing the open carrying of weapons, including handguns, only if carried "with intent to unlawfully use the same."

*United States* v. *Pritchett*, 470 F.2d 455, 457 & n.4 (D.C. Cir. 1972) (summarizing the statutory history of the weapons laws of the District of Columbia). "In 1943 the statute was amended to prohibit the carrying of an unlicensed pistol openly as well as concealed. 57 Stat. 586." *Cooke* v. *United States*, 275 F.2d 887, 889 n.3 (D.C. Cir. 1960). Accordingly, until 1943, it was lawful to carry a handgun openly in Washington, D.C. without a license, and there was no *de jure* ban on the issuance of licenses until December 16, 2008.

25. Objection. argumentative. Notwithstanding the objection and without waiving same, denied as false and misleading. *See* 57 Stat. 586, and response to alleged fact #24.

26. Objection: not materially relevant to any disputed issue and argumentative.

Dated: September 23, 2009                Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
Alan Gura

Attorney for Plaintiffs