IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-HHK |
| | ) | |
| Plaintiffs, | ) | NOTICE OF SUPPLEMENTAL AUTHORITY |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW the Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and alert this Honorable Court to the Supreme Court's recent decision in *McDonald* v. *City of Chicago*, 556 U.S. \_\_\_, 2010 U.S. Lexis 5523 (June 28, 2010), attached hereto as Exhibit A.

In *McDonald*, a plurality of the Court reiterated "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald*, at \*67 (plurality op.), again suggesting that the right has less notable but still valid applications outside the home. The plurality also repeated the Court's earlier dicta that the Second Amendment does not secure "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose," *McDonald*, at \*79 (citation omitted) (plurality op.), and that arms may not be carried in "sensitive places," *id.*, again suggesting that carrying restrictions are subject to a time, place, and manner standard.

Justice Thomas's separate concurring opinion did not join in the plurality's time, place, and manner language, but forcefully adopted the view that the Second Amendment secures a

right to carry arms outside the home. Justice Thomas noted that the Fourteenth Amendment's application of the Second Amendment to the States was designed, in part, to overrule the holding that African-Americans could not "keep and carry arms," *McDonald*, at *142 (Thomas, J.) (quoting *Dred Scott* v. *Sandford*, 60 U.S. (19 How.) 393, 417 (1857)). Justice Thomas then explained that the Fourteenth Amendment was in part a reaction against the antebellum practice of prohibiting the carrying of arms by slaves and free blacks, *McDonald*, at *180-81 (Thomas, J.), and post-Civil War "legislation prohibiting blacks from carrying firearms without a license." *McDonald*, at *183 (Thomas, J.); *see also id.*, at *186 (citing Reconstruction understanding that freedmen enjoy right to "carry" arms). Justice Thomas's opinion is replete with references to events where individuals were disarmed in public, or otherwise should have, or did in fact, have arms in public to defend themselves. *See, e.g. McDonald*, at *197-202 (Thomas, J.).

Additionally, although Plaintiffs maintain that ordinary standard-of-review analysis has no place on the facts of this case, *McDonald* notably rejects the District's contention that its laws are subject to a deferential, intermediate level of review. A majority of the Supreme Court has now held that the Second Amendment secures a fundamental right. *McDonald*, at *64 (majority op.); at *113 (Thomas, J.). Fundamental rights are ordinarily subjected to strict scrutiny analysis. *See, e.g. Banner* v. *United States*, 428 F.3d 303, 307 (D.C. Cir. 2005) (per curiam).

Finally, the *McDonald* plurality re-enforced *Heller*'s paradigm that laws are likely to be unconstitutional if they fall outside regulatory tradition. The *McDonald* respondents sought to defend Chicago's handgun ban by citing to a variety of gun regulations that had been upheld. "But what is most striking about their research is the paucity of precedent sustaining bans comparable to those at issue here and in *Heller*. Municipal respondents cite precisely one case

(from the late 20th century) in which such a ban was sustained." *McDonald*, at *78 (plurality op.) (citing Illinois law)).

The fact that Illinois was the only state in which a handgun ban had been upheld strongly indicated to the Supreme Court that a handgun ban was constitutionally suspect. Defendants' heavy reliance on Illinois law – the only state mirroring Defendants' total carrying ban – should meet with similar skepticism.

Dated: July 14, 2010                    Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                    By:  /s/Alan Gura
                                              Alan Gura

                                              Attorney for Plaintiffs