UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOM G. PALMER, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-01482 (FJS) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants the District of Columbia and Chief Cathy Lanier (collectively "the District"), by and through undersigned counsel, respectfully submit this brief Response to Plaintiffs' Notice of Supplemental Authority, filed July 18, 2011, regarding a recent decision by the Seventh Circuit, *Ezell v. Chicago*, ___ F.3d ___, 2011 WL 2623511 (7th Cir. July 6, 2011).[1]

The District is unsure why plaintiffs alert the Court to *Ezell*, as that decision is only marginally relevant here, if at all. Indeed, *most* of the topics on the list provided by plaintiffs here are simply irrelevant in this current litigation. For example, plaintiffs discuss *Ezell*'s findings regarding standing, but standing is not now (nor has it ever been) an issue in the instant matter.

---

[1] The panel in *Ezell* reversed the denial of a preliminary injunction, which had been sought to prevent enforcement of a municipal ordinance that, while mandating one hour of training at a firing range as a prerequisite to lawful gun ownership, also entirely prohibited all firing ranges in the city. *Id*. at *1. "Stung by the result of [*McDonald v. Chicago*, ___ U.S. ____, 130 S.Ct. 3020 (June 28, 2010)], the City quickly enacted an ordinance that was too clever by half." *Id*. at *20 ("the district court should have granted an injunction against the operation of the ordinance to the extent that it imposed an impossible pre-condition on gun ownership for self-defense in the home.") (Rovner, J., concurring). Needless to say, no such "impossible pre-condition" is present in the instant matter.

Plaintiffs also discuss *Ezell*'s analysis of "irreparable harm," but that issue is irrelevant, as there is no "emergency" here.[2]

Plaintiffs also state—incorrectly—that *Ezell* held that the Second Amendment applies outside the home. The panel did not so hold and, in fact, declined to invalidate Chicago's laws prohibiting the possession of guns outside the home except "[t]o the extent that these provisions prohibit law-abiding, responsible citizens from using a firing range in the city . . . ." *Id*. at *19.

Finally, plaintiffs' also point to *Ezell*'s use of "heightened scrutiny" to examine the provision at issue there. "Heightened scrutiny" is not the "strict scrutiny" urged by plaintiffs here, which was rejected by the panel in *Ezell*, *id.* at *17, and by every Circuit that has explicitly addressed the issue in the three years since *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See, e.g., United States v. Booker*, ___ F.3d ___, 2011 WL 1631947, *11 (1st Cir. May 2, 2011) (citing *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (*en banc*)); *United States v. Masciandaro*, 638 F.3d 458, 470 (4th Cir. 2011) (applying "intermediate scrutiny") (citing, *inter alia*, *United States v. Marzzarella*, 614 F.3d 85, 97 (3rd Cir.2010)); *Nordyke v. King*, ___ F.3d

---

[2] The Seventh Circuit panel's preliminary legal conclusions on the appeal of the denial of a preliminary injunction in *Ezell* will not be binding in any later appeal. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (The "conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits . . . .") ). *See also NRDC v. Pena*, 147 F.3d 1012, 1023 (D.C. Cir. 1998) ("[A] court's findings of fact and conclusions of law at the preliminary injunction stage are often based on incomplete evidence and a relatively hurried consideration of the issues. [T]he questions focused on differ in deciding a motion for preliminary injunction and in deciding a motion for summary judgment.") (quoting *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985) (citations omitted)); *Pharmaceutical Research & Manufacturers of America v. Thompson*, 259 F.Supp.2d 39, 61 (D.D.C. 2003) ("[A] tentative assessment made to support the issuance of a preliminary injunction pending resolution of the issue . . . is not even law of the case, much less *res judicata* in other litigation") (quoting *Community Nutrition Inst. v Block*, 749 F.2d 50, 56 (D.C. Cir. 1984)).

____, 2011 WL 1632063, * (9th Cir. May 2, 2011) (applying "substantial burden" test); *United States v. Reese*, 627 F.3d 792, 802 (10th Cir. 2010) (applying intermediate scrutiny).

"[T]he rigor of this judicial review will depend on how close the law comes to the core of the Second Amendment right and the severity of the law's burden on the right." *Ezell*, *supra*, at *13 (citations omitted). Because the laws challenged in the instant suit have no effect whatever on "the core Second Amendment right to use arms for the purpose of self-defense in the home[,]" *Heller v. District of Columbia*, 678 F.Supp.2d 179, 181 (D.D.C. 2010), the provisions easily pass constitutional scrutiny.

DATE: July 20, 2011                Respectfully submitted,

                                   IRVIN B. NATHAN
                                   Attorney General for the District of Columbia

                                   GEORGE C. VALENTINE
                                   Deputy Attorney General, Civil Litigation Division


                                          /s/ Ellen A. Efros
                                   ELLEN A. EFROS, D.C. Bar No. 250746
                                   Chief, Equity Section I
                                   441 Fourth Street, N.W., 6th Floor South
                                   Washington, D.C. 20001
                                   Telephone: (202) 442-9886


                                          /s/ Andrew J. Saindon
                                   ANDREW J. SAINDON, D.C. Bar No. 456987
                                   Assistant Attorney General
                                   Equity I Section
                                   441 Fourth Street, N.W., 6th Floor South
                                   Washington, D.C. 20001
                                   Telephone: (202) 724-6643
                                   Facsimile: (202) 730-1470
                                   andy.saindon@dc.gov