IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | NOTICE OF SUPPLEMENTAL |
| | ) | AUTHORITY |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On October 4, 2011, the D.C. Circuit decided the case of *Heller* v. *District of Columbia*

("*Heller II*"), 2011 U.S. App. LEXIS 20130 (D.C. Cir. Oct. 4, 2011).[1] As predicted by Plaintiffs at

the last status conference, *Heller II* holds little, if any, guidance for the Court in this matter—other

than having explicitly rejected Defendants' proposed standard of review this case.

1.      *Heller II* challenged the District's firearms registration laws, and its ban on certain

firearms classified as "assault weapons."  *Heller II* did not address—and the D.C. Circuit's opinion

did not discuss—the District's complete prohibition on the bearing of arms that is at issue here.

2.      The D.C. Circuit *rejected* the standard of review offered in this case by Defendants.

Wrongly believing that this case requires application of means-ends scrutiny, the District based its

defense on the following proposition: "The District's regulation of firearms is subject to

'reasonableness' review." Dist. Summ. Judg. Br., Sept. 9, 2009, at 6.

The D.C. Circuit forecloses this approach: "[t]he District . . . argues we should adopt a

"reasonable regulation test." . . . *Heller [I]* clearly does reject any kind of 'rational basis' *or*

---

[1]Although Plaintiffs counsel was counsel for Heller in *District of Columbia* v. *Heller,* 554
U.S. 570 (2008) ("*Heller I*"), and Plaintiffs Palmer and Lyon were original co-plaintiffs in that
matter, Plaintiffs and their counsel have had no involvement whatsoever in *Heller II*.

*reasonableness test. . .*" *Heller II*, 2011 U.S. App. LEXIS 20130 at *27-*28 (emphasis added). Were a standard of review were applicable, that standard would be either strict or intermediate scrutiny. *Id.*

In reviewing the District's registration and "assault weapons" laws, the D.C. Circuit applied intermediate scrutiny. *Heller II*, 2011 U.S. App. LEXIS 20130 at *32 and *44. But this was not done because *all* firearms laws are subject to intermediate scrutiny. The D.C. Circuit explained that "[a]s with the First Amendment, the level of scrutiny applicable under the Second Amendment surely depends on the nature of the conduct being regulated and the degree to which the challenged law burdens the right." *Id.* at *30 (citations omitted). The D.C. Circuit found that the challenged provisions did not substantially burden a core aspect of the Second Amendment.

3.      This approach (if not its application)—adjusting the levels of scrutiny depending on the type of law at issue, and rejecting the District's "reasonableness" test—is undoubtedly correct wherever the application of a means-ends level of scrutiny is warranted. However, it bears repeating that means-ends scrutiny is inapplicable in the present case because the District has a complete and total ban on the carrying of firearms—all firearms, by all people, at all times and places and for all purposes. If the right to bear arms is, as the Supreme Court explained, "[a]t the time of the founding, as now, to 'bear' meant to 'carry,'" *Heller I*, 554 U.S. at 584 (citations omitted), such that the right to bear arms is "the right to 'wear, bear, or carry [arms] . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person," *id.* (citations omitted), then the District's complete ban on the bearing of arms is unconstitutional. It is no different than the District's unlamented prohibition on the keeping of firearms in the home—which the Supreme Court struck down without resorting to any manner of means-ends level of scrutiny, because it simply contradicted a core textual guarantee.

2

Were the District to regulate the carrying of guns in some manner, then such regulations could be examined by means-ends scrutiny under *Heller II.* And under *Heller II*, the District's rubber-stamp approach would be foreclosed.  But this case begins and ends with the interpretation of the constitutional text. If bearing arms does not mean carrying them, then Plaintiffs will lose. If bearing arms does, in fact, mean what the Supreme Court held it meant in *Heller I*, then Plaintiffs must prevail, and the District needs to once again return to the drawing board to regulate (if it wishes) rather than prohibit.

Dated:  October 6, 2011    Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
  Alan Gura

Attorney for Plaintiffs