UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOM G. PALMER, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-01482 (FJS) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants the District of Columbia and Chief Cathy Lanier (collectively "the District"), by and through undersigned counsel, respectfully submit this Notice of Supplemental Authority.

On Friday, February 3, 2012, the United States District Court for the Central District of Illinois issued a decision in *Moore v. Madigan*, ___ F.Supp.2d ___, 2012 WL 344760 (C.D. Ill. Feb. 3, 2012) (copy attached), upholding against Second Amendment challenge Illinois statutes which prohibit the carrying of loaded and operable firearms in public. In its decision, the court analyzed a number of decisions cited by the parties in the instant matter, in concluding that "neither the United States Supreme Court nor any United States Court of Appeals has recognized [a right to carry operable guns in public]." *Id*. at *5.

Even assuming, said the court, that the Illinois statutes interfere with some right to bear arms outside the home, they survive constitutional scrutiny. *Id*. at *11. The court noted that the level of scrutiny to be applied "will depend on how close the law comes to the core of the Second Amendment right and the severity of the law's burden on the right." *Id*. at *12 (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 703 (7th Cir. 2011)). The *Moore* court applied "intermediate scrutiny" because the right to bear arms outside the home "is not a core Second

Amendment right as defined by [*District of Columbia v. Heller*, 554 U.S. 570 (2008)]." *Moore*, *supra*, at *11–*12. The court noted that "a majority of courts considering Second Amendment challenges since the *Heller* decision have applied intermediate scrutiny." *Moore*, *supra*, at *13 (citing cases).

The court held that public safety is a valid governmental interest, and that the challenged statutes are "substantially related" to that interest: "One may reasonably conclude that prohibiting the possession of loaded, uncased, and immediately accessible firearms in public will make it more difficult for individuals to discharge firearms in public and will thereby diminish the public's risk of injuries and death by gunfire." *Id*. at *14 (citing, *inter alia, United States v. Skoien*, 614 F.3d 638, 641–42 (7th Cir. 2010) (*en banc*)).

DATE: February 6, 2012              Respectfully submitted,

                                    IRVIN B. NATHAN
                                    Attorney General for the District of Columbia

                                    ELLEN A. EFROS
                                    Deputy Attorney General
                                    Public Interest Division


                                         /s/ Grace Graham
                                    GRACE GRAHAM, D.C. Bar No. 472878
                                    Chief, Equity Section
                                    441 Fourth Street, NW, 6th Floor South
                                    Washington, DC 20001
                                    Telephone: (202) 442-9784
                                    Facsimile: (202) 741-8892
                                    Email: grace.graham@dc.gov


                                         /s/ Andrew J. Saindon
                                    ANDREW J. SAINDON, D.C. Bar No. 456987
                                    Assistant Attorney General
                                    Equity Section I
                                    441 Fourth Street, N.W., 6th Floor South

- 3 -

        Washington, D.C. 20001
        Telephone: (202) 724-6643
        Facsimile: (202) 730-1470
        E-mail: andy.saindon@dc.gov