UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOM G. PALMER, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-01482 (FJS) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants the District of Columbia and Chief Cathy Lanier (collectively "the District"), by and through undersigned counsel, respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority (Doc. No. 29).

The decisions cited by plaintiffs are poorly reasoned and unsupported by Fourth Circuit precedent. Neither the Supreme Court nor any Circuit has found that the scope of the Second Amendment extends beyond the home.

In *Woollard v. Sheridan*, ___ F.Supp.2d ___, 2012 WL 695674 (D.Md. Mar. 2, 2012), the court invalidated Maryland's requirement that an applicant for a handgun-carry permit demonstrate a "good and substantial reason," finding that the Second Amendment's "right to bear arms is not limited to the home." *Id.* at *7. The court also, however, concedes that other courts have reached the "opposite conclusion." *Id.* at n.9 (citing *Moore v. Madigan*, ___ F.Supp.2d ___, 2012 WL 344760 (C.D. Ill. Feb. 3, 2012); *Piszczatoski v. Filko*, ___ F.Supp.2d ___, 2012 WL 104917 (D.N.J. Jan. 12, 2012)).

The court's finding is purportedly based on the "signposts" found in recent Supreme Court and Fourth Circuit decisions, but essentially rests solely on the analysis of a single Circuit judge, writing separately in *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011). The court candidly concedes, however, that that judge's beliefs as to the scope of the Second Amendment "did not garner support from a majority of the three-judge panel." *Woollard*, *supra*, at *5 n.6.

Similarly, the court in *United States v. Weaver*, ___ F.Supp.2d ___, 2012 WL 727488 (S.D.W.Va. Mar. 6, 2012) relied exclusively on that *same* concurring opinion in *Masciandaro* to hold "that the Second Amendment, as historically understood at the time of ratification, was not limited to the home." *Id*. at *4 (footnote omitted). Although noting that the Fourth Circuit has expressly declined, repeatedly, to hold that the Second Amendment extends beyond the home, "this Court has no such hesitation." *Id*. & n.5. Nonetheless, the court upheld the criminal indictments against the Second Amendment challenge.

The *Woollard* and *Weaver* decisions are of little persuasive value for the simple reason that they both rely on the statements of a single judge from the Fourth Circuit, whose opinion on the scope of the Second Amendment could not even garner the support of one additional judge on the panel. The *Masciandaro* majority explained that there "may or may not be a Second Amendment right in some places beyond the home, but we have no idea what those places are" or even "what the criteria for selecting them should be . . . ." 638 F.3d at 475.[1]

---

[1] And the Fourth Circuit anticipated *Woollard*'s (and the instant plaintiffs') facile argument that the "right" of self defense is unchanged depending on where the "self" is located:

> The notion that "self-defense has to take place wherever [a] person happens to be," Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self–Defense: An Analytical Framework and a Research Agenda*, 56 UCLA L. REV. 1443, 1515 (2009), appears to us to portend all sorts of litigation over schools,

The *Woollard* court also erred in concluding that no measure intended generally to reduce the number of firearms carried could ever be thought appropriately tailored to the government's conceded interests in regulating carrying. *Woollard*, *supra*, at *11 (describing the Maryland provision as an impermissible "rationing system"). Intermediate scrutiny does not lend itself easily to such *per se* rules. As the *Woollard* court itself recognized, intermediate scrutiny requires a "reasonable" or "substantial" fit between means and ends, not a perfect one. *Id.* at *10 (quoting *Heller v. District of Columbia*, 698 F.Supp.2d 179, 191 (D.D.C. 2010), *aff'd in part & vacated in part*, ___ F.3d ___, 2011 WL 4551558 (D.C. Cir. Oct. 4, 2011)). One cannot reasonably conclude that a measure that generally reduces the number of firearms being carried necessarily lacks a "reasonable" or "substantial" fit with an interest in reducing firearm-related social costs.[2] Instead, intermediate scrutiny requires further analysis based on the particular record before the court. For example, a court should consider the alternatives available to a particular government to advance its interests, and whether it would be as practicable or effective for that government to adopt a more particularized system under which only those affirmatively found to pose a danger would be disqualified from carrying. For the reasons given in the

---

    airports, parks, public thoroughfares, and various additional government facilities. And even that may not address the place of any right in a private facility where a public officer effects an arrest. The whole matter strikes us as a vast terra incognita that courts should enter only upon necessity and only then by small degree.

*Id.*

    [2]    *Cf. id.* at *11 ("A law that burdens the exercise of an enumerated constitutional right by simply making that right more difficult to exercise cannot be considered 'reasonably adapted' to a government interest, no matter how substantial that interest may be.") and *Planned Parenthood of Southeastern Penn. v. Casey*, 505 U.S. 833, 873 (1992) ("not every law which makes a right more difficult to exercise is, *ipso facto*, an infringement of that right.").

District's briefs, given the District's unique situation, measures such as those the District employs are sufficiently tailored to its compelling interest in public safety.

DATE: March 16, 2012            Respectfully submitted,

                                  IRVIN B. NATHAN
                                  Attorney General for the District of Columbia

                                  ELLEN A. EFROS
                                  Deputy Attorney General
                                  Public Interest Division

                                  /s/ Grace Graham
                                  GRACE GRAHAM, D.C. Bar No. 472878
                                  Chief, Equity Section
                                  441 Fourth Street, NW, 6th Floor South
                                  Washington, DC 20001
                                  Telephone: (202) 442-9784
                                  Facsimile: (202) 741-8892
                                  Email: grace.graham@dc.gov

                                  /s/ Andrew J. Saindon
                                  ANDREW J. SAINDON, D.C. Bar No. 456987
                                  Assistant Attorney General
                                  Equity Section I
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6643
                                  Facsimile: (202) 730-1470
                                  E-mail: andy.saindon@dc.gov