IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOM G. PALMER, et al., ) | Case No. 09-CV-1482-FJS |
| ) | |
| Plaintiffs, ) | NOTICE OF SUPPLEMENTAL |
| ) | AUTHORITY |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

This morning, the United States District Court for the Eastern District of North Carolina issued its opinion in *Bateman* v. *Perdue*, No. 5:10-CV-265-H, __ F. Supp. 2d ___ (E.D.N.C. March 29, 2012), a copy of which is attached hereto as Exhibit A. Plaintiff Second Amendment Foundation, Inc. was a plaintiff in *Bateman*.

In *Bateman*, the District Court struck down as unconstitutional North Carolina statutes that barred, inter alia, the carrying of handguns for self-defense during "states of emergency." The Court held:

> It cannot be seriously questioned that the emergency declaration laws at issue here burden conduct protected by the Second Amendment. Although considerable uncertainty exists regarding the scope of the Second Amendment right to keep and bear arms, it undoubtedly is not limited to the confines of the home.

Exh. A, at 9.

> [T]he Second Amendment right to keep and bear arms "is not strictly limited to the home environment but extends in some form to wherever those activities or needs [secured by the Amendment, including self-defense] occur." ¶ Under the laws at issue here, citizens are prohibited from engaging, outside their home, in any activities secured by the Second Amendment. They may not carry defensive weapons outside the home . . .

Exh. A, at 10 (citation omitted).

Apparently, because the challenged provisions also reached Second Amendment activities in the home, the *Bateman* court applied strict scrutiny in striking them down. Yet in doing so, the Court indicated that the statutes could not survive intermediate time, place and manner analysis. The emergency declaration statutes

> do not target dangerous individuals or dangerous conduct. Nor do they seek to impose reasonable time, place and manner restrictions by, for example, imposing a curfew to allow the exercise of Second Amendment rights during circumscribed times. Rather, the statutes here excessively intrude upon plaintiffs' Second Amendment rights by effectively banning them (and the public at large) from engaging in conduct that is at the very core of the Second Amendment at a time when the need for self-defense may be at its very greatest . . .

Exh. A, at 15-16 (citation omitted).

Here, too, the District's total ban on the carrying of firearms for self-defense "excessively intrude[s] upon plaintiffs' Second Amendment rights by effectively banning them (and the public at large)" from engaging in conduct specifically enumerated for protection: the bearing of arms. That right "undoubtedly is not limited to the confines of the home."

Plaintiffs are entitled to summary judgment.

Dated: March 29, 2012                Respectfully submitted,

                                          Alan Gura (D.C. Bar No. 453449)
                                          Gura & Possessky, PLLC
                                          101 N. Columbus Street, Suite 405
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665

                                  By:  /s/Alan Gura
                                            Alan Gura

                                            Attorney for Plaintiffs