IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | MOTION TO STRIKE |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO STRIKE

COME NOW the Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and respectfully move the Court to strike the supplemental memorandums filed by the Defendants [Dkt. 33].

Counsel have met and conferred regarding this motion pursuant to LcvR 7(m). Defendants' counsel apparently believes that the filing was appropriate and it is assumed Defendants will oppose the motion.

Wherefore, Plaintiffs respectfully ask that unauthorized memoranda be struck.

Dated:  May 24, 2012                    Respectfully submitted,

                                                          Alan Gura (D.C. Bar No. 453449)
                                                          Gura & Possessky, PLLC
                                                          101 N. Columbus Street, Suite 405
                                                          Alexandria, VA 22314
                                                          703.835.9085/Fax 703.997.7665

                                    By:  /s/ Alan Gura
                                                    Alan Gura

                                                    Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE

ARGUMENT

Local Rule 7(e) provides:

A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, **without prior approval of the court**. Documents that fail to comply with this provision **shall not be filed** by the Clerk.

(emphasis added).

Notwithstanding Rule 7(e), and the scheduling order, the District today filed three (3) additional briefs, containing one hundred and forty two (142) pages of appellate argument in support of its position—attached to an unauthorized eight page memorandum. The briefs are from the cases *Moore* v. *Madigan*, 7th Cir. No. 12-1269 and *Shepard* v. *Madigan*, 7th Cir. No. 12-1788, which are set to be heard together on June 8, 2012. Oddly, the District of Columbia did not submit its own amicus brief filed in that case.

Of course, the District did not bother filing the amicus and party briefs on the other side of the cases. Those briefs are provisionally submitted here, in the event that the motion to strike would be denied, or in the event the Court develops an interest in the Seventh Circuit litigation and wants to read pleadings from both sides of the matters.

In accordance with the standard practice, both parties have previously filed short pleadings explaining attached supplemental authority, but this is not the submission of supplemental authority. This is an unauthorized decision to dump four briefs, consisting of one hundred and fifty pages, into the record in disregard of the rules and scheduling order.

Defendants' conduct is prejudicial and abusive. Counsel and parties are entitled to have cases litigated within the rules, and pursuant to notice of a particular schedule.

1

If this is to be the new practice before the Court, Local Rule 7 is in urgent need of amendment. Certainly, it would be news to the Bar that henceforth anyone can file multiple briefs, hundreds of pages' worth, far beyond the rules and orders, without authorization.

Judge Lamberth once lamented that there is "a feeling both within the Corporation Counsel and among the plaintiffs' bar that the District and its attorneys will not be held to the same standard of conduct demanded of other parties and attorneys in this jurisdiction." *Webb* v. *District of Columbia*, 189 F.R.D. 180, 191 (D.D.C. 1999). Filings such as that just offered by the District of Columbia contribute to that "feeling." Nor is this the first time **in this case** that the District has violated the rules and scheduling order. *See* Docket No. 15. One would hope that parties comply voluntarily with the Court's rules and orders, which do not appear to be optional, simply because that is what one ought to do. But the District apparently requires specific instruction, and that instruction should be provided by the immediate striking of Docket 33 and all that it contains.

CONCLUSION

Docket 33 and its related attachments are all filed in disregard of Rule 7(e) and of the scheduling order, and should be struck. The Court can then disregard the attachments to this motion. This is not the time for hundreds of pages of additional, unauthorized pleadings. The case was argued on cross-dispositive motions almost two and a half years ago. It should be decided.

Dated: May 24, 2012               Respectfully submitted,

                                                         Alan Gura (D.C. Bar No. 453449)
                                                         Gura & Possessky, PLLC
                                                         101 N. Columbus Street, Suite 405
                                                         Alexandria, VA 22314
                                                         703.835.9085/Fax 703.997.7665

                                      By:  /s/ Alan Gura
                                               Alan Gura
                                               Attorney for Plaintiffs