**UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TOM G. PALMER, *et al.*** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. 09-01482 (FJS)** |
| **DISTRICT OF COLUMBIA, *et al.*,** | ) | |
| **Defendants.** | ) | |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE

Defendant ("the District"), by and through undersigned counsel, hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Strike, in accordance with LCvR 7(b). A proposed Order denying the requested relief has also been provided.

## I. Background

As the District recently noted, the parties completed dispositive briefing here over two-and-a-half years ago. Since that time, important, persuasive case law has developed from other jurisdictions regarding the scope of the Second Amendment, the legal issue at the heart of this case.

The District's supplemental memorandum did not raise any new arguments, but discussed this subsequent case law, and explicitly acknowledged that no facts material to the instant matter have changed. Plaintiffs do not dispute any of these contentions. Simply put, the District's filing of its supplemental memorandum was not improper, and plaintiffs have failed to present any rule or case law suggesting otherwise.

II. Argument

Plaintiffs' motion should be denied because it is procedurally improper, and fails on the merits.

First, plaintiffs' motion should be denied because the federal rules only provide for striking *pleadings*, and not supplemental memoranda or motions. *See, e.g., Bond v. ATSI/Jacksonville Job Corps Center*, 811 F.Supp.2d 417, 421 (D.D.C. 2011) (RCL) (citing Fed. R. Civ. P. 12(f) and 7(a)); *Brown v. FBI*, 793 F.Supp.2d 368, 382 (D.D.C. 2011) ("[A] cursory review of the Federal Rules of Civil Procedure informs that non-pleadings . . . are not subject to motions to strike.") (quoting *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 683 F.Supp.2d 1, 15 (D.D.C. 2010) (RCL)); *Baloch v. Norton*, 517 F.Supp.2d 345, 349 (D.D.C. 2007) (same). *See also Brown*, 811 F.Supp.2d at 382 (quoting 2 James Wm. Moore *et al.*, MOORE'S FED. PRAC.—CIVIL ¶ 12.37 (3d ed. 2011) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda . . . may not be attacked by the motion to strike.")).

Plaintiffs cite LCvR 7(e), but nothing in the text of that rule prohibits the filing made by the District. Plaintiffs provide no other authority except to name-drop the Chief Judge via comments he made about the District and its lawyers thirteen years ago. Notwithstanding plaintiffs' *ad hominem* attack, the Chief Judge is clearly aware of the standards governing motions to strike. *See Bond*, *supra* and *Miski, supra*.

Plaintiffs' motion should be denied.

Otherwise, even if plaintiffs *had* properly invoked the Rules, motions to strike are "disfavored." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib.*, 647 F.2d 200,

201 (D.C. Cir. 1981)). "A motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden." *United States ex. rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 34–35 (D.D.C. 2007) (citation omitted). *See also NCB Mgmt. Servs., Inc. v. FDIC*, ___ F.Supp.2d ____, 2012 WL 468365, *7 (D.D.C. Feb. 4, 2012) (same).

Plaintiffs have failed to meet their burden. Fed. R. Civ. P. 12(f) provides that a court may strike from a pleading any material that is "redundant, immaterial, impertinent, or scandalous [.]" Plaintiffs have not shown (nor even attempted to show) that the District's Supplemental Memorandum contained any such material. *See Nwachkwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003) (many courts grant motions to strike "only if the portions sought to be stricken are prejudicial or scandalous."); *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) ("scandalous" here means "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (citations omitted); *Makuch v. FBI*, 2000 WL 915767, *2 (D.D.C. Jan. 7, 2000) (matter in pleadings is immaterial or impertinent where it "is not materially relevant to any pleaded claim for relief or defense.") (citations omitted).

The information provided by the District is all a matter of historic (and public) record, and was only provided to assist the Court with deciding the pending motions—it is clearly relevant. *Cf. Bond v. United States Dep't of Justice*, ___ F.Supp.2d ____, 2011 WL 6046406, *8 (D.D.C. Dec. 6, 2011) (denying motion to strike a motion) ("[I]t is routine for parties to provide the Court with a certain amount of background information that is not directly relevant to the merits of the claim or motion at issue.") (quoting *Patton Boggs, LLP v. Chevron Corp.*, 791 F.Supp.2d 13, 22 (D.D.C. 2011) (denying motion to strike a motion)).
Moreover, the District does *not* object to the plaintiffs' filing of the other briefs from the Seventh Circuit litigation, as this Court should have all potentially pertinent information before it in deciding the pending motions.

## III. Conclusion

For the reasons cited herein, plaintiffs' motion should be denied.

DATE: May 29, 2012

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

/s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov