IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE

The District clings to notion that regardless of the orders and rules of this Court, it can file any number of briefs, of any length, at any time, with respect to any motion. Without authorization. That is incorrect. The fact that other lawyers have written allegedly useful briefs in similar cases does *not* allow parties to simply file those additional briefs in a case before this Court, and this Court is not powerless to put a stop to this abusive behavior. There are rules and orders here.

Missing the big picture, the District correctly notes that Rule 12(f) does not allow the striking of its unauthorized memoranda, because that rule allows only the striking "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

But Rule 12(f) is not the source of the Court's authority in this regard, and it was not relied upon by Plaintiffs' motion. Plaintiffs invoked *Local Rule 7*, which is very clear on the subject of how many briefs may be filed, when they might be filed, and how long they can be, without authorization.

This Court has inherent supervisory authority to enact local rules of civil procedure not inconsistent with the federal rules, and to ensure compliance with those rules as well as with its orders. Indeed, the Court's inherent supervisory powers are quite broad. *See, e.g. Chambers* v. *NASCO, Inc.*, 501 U.S. 32 (1991).

This is not the case of a litigant who, as in the cases cited by the District, moves to "strike" a motion or brief rather than oppose it, or reply to it, in the normal course of proceedings. This is a simple case where one litigant files material that is *forbidden* by the rules of this Court, and outside of a scheduling order. If that material cannot be stricken, what use is Local Civil Rule 7(e)'s admonishing that such documents "shall not be filed by the Clerk?" The *Rule* provides that "[d]ocuments that fail to comply with this provision shall not be filed by the Clerk." *Id*. The District has filed those documents anyway. Plaintiffs respectfully ask only that the rule be enforced.

At the risk of overstatement, counsel proffers that it would strike most members of this Bar as incredible that (a) a party can file, at its pleasure, any number of additional briefs it believes are relevant, and that (b) the Court can do nothing about this sort of practice, because a narrow provision relating to the striking of some material from pleadings pre-empts the Court's inherent supervisory authority to enact and enforce compliance with the exceedingly basic local rules governing motions practice.

There can be no question that the District's plenary filing of additional briefs, as long and as many and whenever it wishes, violates the rules. If the Court has the authority to enforce its own rules and orders – and it most assuredly does – then the motion to strike must be granted.

Dated: May 29, 2012                Respectfully submitted,

                                                  Alan Gura (D.C. Bar No. 453449)
                                                  Gura & Possessky, PLLC
                                                  101 N. Columbus Street, Suite 405
                                                  Alexandria, VA 22314
                                                  703.835.9085/Fax 703.997.7665

                                        By:  /s/ Alan Gura
                                                  Alan Gura

                                                  Attorney for Plaintiffs