UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOM G. PALMER, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 09-01482 (FJS) |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEF RE: STANDING

Defendant ("the District"), by and through undersigned counsel, hereby submits this brief response to plaintiffs' supplemental brief on standing. To put it succinctly, plaintiff Second Amendment Foundation ("SAF") lacks organizational standing.

Plaintiffs are correct, generally, that where only declaratory and injunctive relief are sought, and at least one plaintiff has standing, a court need not decide whether any other plaintiffs have standing. *See, e.g., Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n. 9 (1977); *Air Transp. Ass'n of Am. v. Export-Import Bank of the United States*, ___ F.Supp.2d ___, 2012 WL 2914442, *9 (D.D.C. July 18, 2012) (where association seeks "prospective relief," courts assume remedy "will inure to the benefit of those members . . . actually injured," and, accordingly, individual participation not required) (quoting *Warth v. Seldin*, 422 U.S. 490, 515–16 (1975)). However, "[i]f SAF 'obtains relief different from that sought by [the other plaintiffs] whose standing has not been questioned," including attorney's fees, [the court should] at that time address the issue of SAF's standing to bring suit." *Woollard v. Sheridan*, 2010 WL 5463109, n.1 (D. Md. Dec. 29, 2010) (quoting *Gen. Bldg. Contractors*

*Ass'n v. Pennsylvania*, 458 U.S. 375, 402 n. 22 (1982)), *appeal pending*, No. 12-4137 (4th Cir. argument set, Oct. 24, 2012).

Moreover, plaintiff Second Amendment Foundation lacks organizational standing. To show organizational standing, a group must demonstrate "a direct conflict between the defendant's conduct and the organization's mission." *Abigail Alliance for Better Access to Developmental Drugs v. Von Eschenbach*, 469 F.3d 129, 133 (D.C. Cir. 2006) (citing *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996)). "Furthermore, an organization is not injured by expending resources to challenge the regulation itself; we do not recognize such self-inflicted harm." *Id.* (citing *Fair Employment Council of Greater Wash., Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1276–77 (D.C. Cir. 1994)).

Contrary to controlling precedent, plaintiff SAF has failed to allege (or show) any "direct conflict" between its mission and the District's laws. *Cf.* Complaint ¶ 5 ("The purposes of SAF include promoting the exercise of the right to keep and bear arms; and education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control.") and Declaration of Alan Gottlieb (Aug. 26, 2009) [Doc. No. 5-9] at ¶¶ 5, 7 ("SAF expends its resources encouraging the exercise of the right to bear arms and advising and educating its members, supporters and the general public about the law with respect to the public carrying of handguns Washington, D.C. [D]efendants' policies regularly cause the expenditure of resources by SAF as people turn to this organization for advice and information about carrying handguns in the District of Columbia."). Thus, SAF's own declaration runs counter to the above-cited case law, *i.e.*, the expenditure of resources to challenge regulations is a "self-inflicted harm" that does not give rise to organizational standing.

The case law is clear that these alleged injuries are insufficient to demonstrate organizational standing. *See, e.g., Kachalsky v. Cacace*, 817 F.Supp.2d 235, 251 (S.D.N.Y. 2011) ("[S]uch activates [sic], standing alone, are plainly insufficient to give rise to standing."), *appeal pending*, No. 11-3642 (2nd Cir., argued Aug. 22, 2012).[1] "The mere fact that an organization redirects some of its resources to litigation and legal counseling in response to actions or inactions of another party is insufficient to impart standing upon the organization." *Equal Rights Center v. Post Properties, Inc.*, 657 F.Supp.2d 197, 200 (D.D.C. 2009) (quoting *Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1434 (D.C. Cir. 1995)), *affirmed*, 633 F.3d 1136, 1140 (D.C. Cir. 2011) (court should ask whether defendant's alleged conduct injured the organization's interest and whether organization used its resources to counteract that harm.). *See also Nat'l Ass'n of Home Builders v. EPA*, 667 F.3d 6, 12 (D.C. Cir. 2011) (group lacked organizational standing where, *inter alia*, it failed to show that its claimed expenditures "were for 'operational costs beyond those normally expended' to carry out its advocacy mission.") (quoting *Nat'l Taxpayers Union*, 68 F.3d at 1434).

> Aside from asserting an abstract conflict between defendant's activities and plaintiffs' advocacy goals, plaintiffs have not alleged that their activities have been impeded in any way. [W]ere an association able to gain standing merely by choosing to fight a policy that is contrary to its mission, the courthouse door would be open to all associations.

---

[1] In their brief, plaintiffs imply that the court in *Kachalsky* found only that SAF lacked representational standing. P.Br. at n.1. That is not correct. As the quoted section shows, the court found that SAF also lacked organizational standing, because it had "not sufficiently alleged an injury." *Kachalsky*, 817 F.Supp.2d at 251. *See also Kwong v. Bloomberg*, ___ F.Supp.2d ___, 2012 WL 995290, *6 (S.D.N.Y. Mar. 26, 2012) ("it is questionable whether the injury [SAF] claim[s] to have suffered—namely, the expenditure of time and resources to challenge the licensing fee—constitutes a sufficient injury for standing purposes.") (citing *Kachalsky*); *Hodgkins v. Holder*, 677 F.Supp.2d 202, 206 (D.D.C. 2010) (SAF lacks organizational standing; "its voluntary act of [fielding questions from constituents about the laws at issue] cannot plausibly be the basis for a claim of constitutional injury."), *reversed and remanded sub nom.*, *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011), *on remand*, ___ F.Supp.2d ___, 2012 WL 4458447, at n.4 (D.D.C. Sept. 27, 2012) (SAF lacks standing).

*Long Term Care Pharm. Alliance v. United Health Group, Inc.*, 498 F.Supp.2d 187, 192 (D.D.C. 2007).

Plaintiff SAF's activities have not been impeded in any way; the District's laws it challenges here are simply contrary to its mission, which is insufficient to give it organizational standing.

DATE: October 4, 2012

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

_____/s/ Grace Graham_____
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov