UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 09-01482 (FJS) |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants the District of Columbia and Chief Cathy Lanier (collectively "the District"), by and through undersigned counsel, respectfully submit this Notice of Supplemental Authority, which may assist the Court in resolving the pending motions.

On November 15, 2012, the District of Columbia Court of Appeals reiterated, in *Thorne v. United States*, ___ A.3d ____, 2012 WL 5513968 (D.C.), that "[*H*]*eller* and the cases that followed in this court have not defined any clear right to carry a firearm outside the home." (footnote omitted) (citing, *inter alia*, *Little v. United States*, 989 A.2d 1096, 1101 (D.C. 2010) (no clear Second Amendment right post *Heller* to carry a gun outside the home)). *Id.*, *slip op.* at 23.

Also, on November 27, 2012, the Second Circuit issued it decision in *Kachalsky v. County of Westchester*, ___ F.3d ___, 2012 WL 5907502 (2nd Cir.), affirming the trial court's finding that New York's requirement that an applicant demonstrate "proper cause" to obtain a concealed-carry handgun permit does not violate the Second Amendment. Plaintiffs argued that

their "'desire for self-defense . . . is all the 'proper cause' required . . . by the Second Amendment to carry a firearm." *Id*. at *14 (quoting plaintiffs' brief).[1]

The Second Circuit discussed the extensive history in New York of regulating the possession and use of firearms, *id*. at *1–*4, and the "highly ambiguous history and tradition" of other states' regulation of weapons, which included prohibitions on the public carrying of pistols, both openly and concealed. *Id*., *6. The Second Circuit applied intermediate scrutiny, because the challenged regulation "does not burden the 'core' protection of self-defense in the home" and such an approach "is in line with the approach taken by our sister circuits." *Id*., *9 & n.17 (citing cases from the District of Columbia, First, Fourth, Third, Tenth, and Seventh Circuits).

"The state's ability to regulate firearms and, for that matter, conduct, is qualitatively different in public than in the home. [T]here is a longstanding tradition of states regulating firearm possession and use in public because of the dangers posed to public safety." *Id*., *9–*10 (citations omitted). *See also id.* at n.23 ("It seems obvious to us that possession of a weapon in the home has far different implications that carrying a concealed weapon in public.").

Plaintiffs in *Kachalsky* argued—just as they did in the instant matter—that *Heller*, history, and tradition show that there is a fundamental right to carry handguns in public, thus while "a state may regulate open or concealed carrying of handguns, it cannot ban **both**." *Id*., *6 (emphasis in original). "Plaintiffs misconstrue the character and scope of the Second Amendment. States have long chosen to regulate the right to bear arms because of the risks posed by its exercise." *Id*., *14.

---

[1] Plaintiffs "reason that the exercise of the right to bear arms cannot be made dependent on a ***need*** for self-protection, just as the exercise of other enumerated rights cannot be made dependent on a ***need*** to exercise those rights. This is a crude comparison and highlights Plaintiffs' misunderstanding of the Second Amendment." *Id*. (emphasis in original).

DATE: December 4, 2012             Respectfully submitted,

                                            IRVIN B. NATHAN
                                            Attorney General for the District of Columbia

                                            ELLEN A. EFROS
                                            Deputy Attorney General
                                            Public Interest Division


                                            /s/ Grace Graham
                                            GRACE GRAHAM, D.C. Bar No. 472878
                                            Chief, Equity Section
                                            441 Fourth Street, NW, 6th Floor South
                                            Washington, DC 20001
                                            Telephone: (202) 442-9784
                                            Facsimile: (202) 741-8892
                                            Email: grace.graham@dc.gov


                                            /s/ Andrew J. Saindon
                                            ANDREW J. SAINDON, D.C. Bar No. 456987
                                            Assistant Attorney General
                                            Equity Section I
                                            441 Fourth Street, N.W., 6th Floor South
                                            Washington, D.C. 20001
                                            Telephone: (202) 724-6643
                                            Facsimile: (202) 730-1470
                                            E-mail: andy.saindon@dc.gov