IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOM G. PALMER, et al., ) | Case No. 09-CV-1482-FJS |
| ) | |
| Plaintiffs, ) | |
| ) | NOTICE OF SUPPLEMENTAL |
| v. ) | AUTHORITY |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants cited to this Court the decision in *Moore* v. *Madigan*, No. 3:11-CV-3134, 2012 U.S. Dist. LEXIS 12967 (C.D. Ill., February 3, 2012). Subsequently, Defendants made a big production of the various pleadings filed on behalf of the *Moore* appellees, though curiously, not of their own amicus brief filed in that effort.

Today, the Seventh Circuit reversed *Moore*. The Court's opinion is attached hereto as Exhibit A. Plaintiff Second Amendment Foundation, Inc. was among the prevailing plaintiffs.

*Moore* comprehensively dismantles Defendants' claims. Most notably, as *Moore* acknowledged, it struck down the only state legal regime that maintains a complete prohibition on the carrying of handguns outside the home for self-defense.

That leaves the District of Columbia <u>alone in the United States</u> with a total handgun carry prohibition. The time has come for this Court to put an end to that unconstitutional practice.

The Seventh Circuit did not need to engage in any level of means-ends scrutiny: "our analysis is not based on degrees of scrutiny, but on Illinois' failure to justify the most restrictive gun law of any of the 50 states." Slip Op. at 18-19. Nor did the Seventh Circuit need to evaluate any alleged factual disputes (although it ably recited the parties' disputed contentions of legislative

facts). It was enough to follow the Supreme Court's precedent in this area. That precedent instructs that the right to "bear" arms is the right to "carry" arms for the purpose of self-defense. That is all. As *Heller* demonstrated, and *Moore* again confirms, a law literally prohibiting this exercise of a fundamental constitutional right cannot stand.

While the entire *Moore* opinion is well worth study, a few passages underscore the tremendous scope of the District's constitutional violation:

"Nor can we ignore the implication of the analysis that the constitutional right of armed self-defense is broader than the right to have a gun in one's home." Slip Op. at 4.

> Both *Heller* and *McDonald* do say that "the need for defense of self, family, and property is *most* acute" in the home, *id.* at 3036 (emphasis added); 554 U.S. at 628, but that doesn't mean it is not acute outside the home. *Heller* repeatedly invokes a broader Second Amendment right than the right to have a gun in one's home, as when it says that the amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. Confrontations are not limited to the home.

Slip Op. at 4-5.

> The right to "bear" as distinct from the right to "keep" arms is unlikely to refer to the home. To speak of "bearing" arms within one's home would at all times have been an awkward usage. A right to bear arms thus implies a right to carry a loaded gun outside the home.
> And one doesn't have to be a historian to realize that a right to keep and bear arms for personal self-defense in the eighteenth century could not rationally have been limited to the home . . .

Slip Op. at 5.

"[W]e are bound by the Supreme Court's historical analysis because it was central to the Court's holding in *Heller*." Slip Op. at 7. "The Supreme Court has decided that the amendment confers a right to bear arms for self-defense, which is as important outside the home as inside." Slip Op. at 20.

> [A] Chicagoan is a good deal more likely to be attacked on a sidewalk in a rough neighborhood than in his apartment on the 35th floor of the Park Tower. A woman who is being stalked or has obtained a protective order against a violent ex-husband is more

vulnerable to being attacked while walking to or from her home than when inside. She has a stronger self-defense claim to be allowed to carry a gun in public than the resident of a fancy apartment building (complete with doorman) has a claim to sleep with a loaded gun under her mattress. But Illinois wants to deny the former claim, while compelled by *McDonald* to honor the latter. That creates an arbitrary difference. To confine the right to be armed to the home is to divorce the Second Amendment from the right of self-defense described in *Heller* and *McDonald*. It is not a property right—a right to kill a houseguest who in a fit of aesthetic fury tries to slash your copy of Norman Rockwell's painting *Santa with Elves*. That is not self-defense, and this case like *Heller* and *McDonald* is just about self-defense.

Slip Op. at 8.

Recounting the conflicting empirical evidence in favor and against the carrying of firearms by law-abiding people, the Seventh Circuit held:

Anyway the Supreme Court made clear in *Heller* that it wasn't going to make the right to bear arms depend on casualty counts. 554 U.S. at 636. If the mere possibility that allowing guns to be carried in public would increase the crime or death rates sufficed to justify a ban, *Heller* would have been decided the other way, *for that possibility was as great in the District of Columbia as it is in Illinois*.

Slip Op. at 13 (emphasis added).

Although it did not apply any level of scrutiny to examine Illinois' prohibition, the Seventh Circuit rejected the application of mere intermediate scrutiny to test such a law. Comparing the Illinois prohibition with the federal domestic violence misdmeanant prohibition, which the Seventh Circuit had upheld under intermediate scrutiny, *Moore* offered:

Illinois has not made that strong showing—and it would have to make a stronger showing in this case than the government did in *Skoien*, because the curtailment of gun rights was much narrower: there the gun rights of persons convicted of domestic violence, here the gun rights of the entire law- abiding adult population of Illinois.

Slip Op. at 14 (citing *United States* v. *Skoien*, 614 F.3d 638 (7${}^{th}$ Cir. 2010) (en banc)).

*Moore* also took issue with the Second Circuit's recent opinion in *Kachalsky* v. *County of Westchester*, No. 11-3642, 2012 U.S. App. LEXIS 24363 (2d Cir. Nov. 27, 2012), recently briefed by the parties here. The Seventh Circuit noted that some of *Kachalsky*'s historical analysis was

erroneous, and in any event, "we regard the historical issues as settled in *Heller*." Slip Op. at 18. And it rejected *Kachalsky*'s "suggestion that the Second Amendment should have much greater scope inside the home than outside simply because other provisions of the Constitution have been held to make that distinction." *Id*. "[T]he interest in self-protection is as great outside as inside the home." *Id*.

*Moore* dispenses with a prohibition identical to that here at issue in a compelling way. The District's total prohibition of the right to bear arms, the last remaining prohibition of its kind in the United States, cannot be allowed to stand any longer. Summary judgment should be entered for Plaintiffs.

Dated:  December 11, 2012 			Respectfully submitted,

        Alan Gura (D.C. Bar No. 453449)
        Gura & Possessky, PLLC
        101 N. Columbus Street, Suite 405
        Alexandria, VA 22314
        703.835.9085/Fax 703.997.7665

By:  /s/Alan Gura
     Alan Gura

Attorney for Plaintiffs