IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES IN SUPPORT |
| v. | ) | OF PLAINTIFFS' MOTION TO |
| | ) | EXPEDITE PROCEEDINGS |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MOTION TO EXPEDITE PROCEEDINGS</u>

COME NOW the Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Support of their Motion to Expedite Proceedings.

Dated: August 9, 2013                     Respectfully submitted,

                                                    Alan Gura (D.C. Bar No. 453449)
                                                    Gura & Possessky, PLLC
                                                    101 N. Columbus Street, Suite 405
                                                    Alexandria, VA 22314
                                                    703.835.9085/Fax 703.997.7665

                                       By:  /s/ Alan Gura
                                              Alan Gura

                                              Attorney for Plaintiffs

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO EXPEDITE PROCEEDINGS

PRELIMINARY STATEMENT

This case is now in its fifth year before this Court. Over three and a half years have passed since the Court first heard argument on the parties' cross-motions for summary judgment, and nearly a year has passed since the Court re-heard those arguments.

The basic facts are not contested. Plaintiffs challenge only the District of Columbia's complete ban on the carrying of handguns for self-defense, raising essentially one discrete question of law: Does the Second Amendment secure a right to carry guns outside the home for self-defense? If not, the Defendants should prevail. If it does, the Plaintiffs should prevail—and Defendants remain free to regulate (within constitutional limitations) the right to bear arms.

Because this case deals with a fundamental constitutional right, *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010), it falls among the category of cases designated for expedited review pursuant to 28 U.S.C. § 1657(a).

The parties have met and conferred regarding this motion, as required by LcvR 7(m). Defendants state that they take no position on this motion.

For individuals seeking to vindicate a fundamental constitutional right, justice delayed is justice denied. If Plaintiffs are correct, then every day that passes is a day that they are forbidden from exercising a fundamental, constitutionally enumerated right.

Since this case was filed, one circuit has already determined that a violation of Second Amendment rights constitutes irreparable harm *per se*. Also during the same time period, numerous cases raising the same basic issue were filed and decided, causing the parties in this case to repeatedly file notices of supplemental authority. Of these, most notably, stands *Moore* v. *Madigan*,

702 F.3d 933 (7th Cir. 2012), which struck down the nation's only other law prohibiting outright the carrying of defensive handguns.

Plaintiffs do not casually bring this motion, as they appreciate that the Court's docket is quite heavy. But this is an action to resolve an ongoing civil rights violation, of the type that Congress has determined should be decided in an expeditious manner, and the delay thus far is relatively quite lengthy. Plaintiffs thus respectfully ask the Court to expedite the decision of this case pursuant to 28 U.S.C. § 1657(a).

## ARGUMENT

"It is abundantly clear that Congress intended to give preference on crowded court dockets to federal questions." *Zukowski* v. *Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 55 (D. Colo. 1987). And not all federal questions are equally urgent. Title 28, United States Code § 1657(a) provides in pertinent part:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

"In general terms, it appears to be proper for a party to move for expedited consideration under the Act." *Freedom Communications* v. *FDIC*, 157 F.R.D. 485, 487 (C.D. Cal. 1994).

> The Text of subsection (a), notably the reference to a "factual context", suggests that Congress contemplated case-by-case decision making. Moreover, the House Report quoted the following Department of Justice testimony with approval: "Litigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision . . ." Thus a motion for expedited consideration is proper procedurally.

*Id*. (quoting H. Rep. No. 985, 98th Cong., 2d Sess. 4 (1984), reprinted in 1984 U.S.C.C.A.N. 5779).

Without question, "good cause" for expedited consideration, as defined by Section 1657(a), exists here. Plaintiffs' claims plainly implicate a fundamental, enumerated constitutional right. As noted, the only other law that enacted a complete ban on the defensive carrying of handguns was struck down by the Seventh Circuit. *Moore*, *supra*, 702 F.3d 933; *see also Bateman* v. *Perdue*, 881 F. Supp. 2d 709 (E.D.N.C. 2012) (striking down ban on carrying handguns during "state of emergency"). Even courts that have taken a broad view of the government's ability to restrict the carrying of handguns typically *assume* that the Second Amendment secures a right to do so. *See, e.g.*, *Woollard* v. *Gallagher*, 712 F.3d 865, 875 (4th Cir. 2013) ("we merely assume that the *Heller* right [sic][1] exists outside the home and that such right of Appellee Woollard has been infringed"), *petition for certiorari pending*, No. 13-42 (filed July 9, 2013).

Plaintiffs could file a motion for preliminary injunctive relief, as a violation of Second Amendment rights constitutes irreparable harm per se:

> The loss of a First Amendment right is frequently presumed to cause irreparable harm based on "the intangible nature of the benefits flowing from the exercise of those rights; and the fear that, if those rights are not jealously safeguarded, persons will be deterred, even if imperceptibly, from exercising those rights in the future." The Second Amendment protects similarly intangible and unquantifiable interests. *Heller* held that the Amendment's central component is the right to possess firearms for protection. Infringements of this right cannot be compensated by damages.

*Ezell* v. *City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (citations and footnote omitted). But the parties have thoroughly briefed the merits of the case, and no benefit would accrue from rearguing this case in the context of a preliminary injunction motion that could not be achieved by expediting the matter under Section 1657(a).

---

[1] *Woollard* plaintiffs, like the Plaintiffs here, are not claiming a right created by precedent, but rather, a pre-existing right codified in the Constitution.

Each day that Plaintiffs, and the public, await relief, is a day in which a fundamental, enumerated constitutional right may be denied wholesale to the entire civilian population of our Nation's capital, and to any law-abiding American who might visit it. With full recognition that this Court's docket is burdened with many important matters, it does not begrudge the importance of other matters on the Court's docket to note that Section 1657(a) reflects Congress's desire that a case of this nature be afforded priority on the Court's schedule.

## CONCLUSION

Most respectfully, Plaintiffs ask that the Court expedite its consideration of this case.

Dated: August 9, 2013                     Respectfully submitted,

                                                  Alan Gura (D.C. Bar No. 453449)
                                                  Gura & Possessky, PLLC
                                                  101 N. Columbus Street, Suite 405
                                                  Alexandria, VA 22314
                                                  703.835.9085/Fax 703.997.7665

                              By:  /s/ Alan Gura
                                     Alan Gura

                                   Attorney for Plaintiffs