IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NOTICE OF SUPPLEMENTAL |
| v. | ) | AUTHORITY |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY
------

Today, the Illinois Supreme Court unanimously followed the Seventh Circuit's decision in *Moore* v. *Madigan*, 702 F.3d 933 (7th Cir. 2012), and struck down that state's complete ban on the carrying of firearms outside the home for self-defense. See *People* v. *Aguilar*, 2013 IL 112116, attached hereto as Exhibit A

Several lower courts in Illinois had refused to follow *Moore*. Today's decision in *Aguilar* overrules those cases:

> After reviewing these two lines of authority– the Illinois cases holding that [the prohibition] is constitutional, and the Seventh Circuit's decision holding that it is not—we are convinced that the Seventh Circuit's analysis is the correct one. As the Seventh Circuit correctly noted, neither [*District of Columbia* v. ]*Heller*[, 554 U.S. 570 (2008)] nor *McDonald* [v. *City of Chicago*, 130 S. Ct. 3020 (2010)] expressly limits the second amendment's protections to the home. On the contrary, both decisions contain language strongly suggesting if not outright confirming that the second amendment right to keep and bear arms extends beyond the home. Moreover, if *Heller* means what it says, and "individual self-defense" is indeed "the central component" of the second amendment right to keep and bear arms (*Heller*, 554 U.S. at 599), then it would make little sense to restrict that right to the home, as "[c]onfrontations are not limited to the home." *Moore*, 702 F.3d at 935-36. Indeed, *Heller* itself recognizes as much when it states that "the right to have arms *** was by the time of the founding understood to be an individual right protecting against both public and private violence." (Emphasis added.) *Heller*, 554 U.S. at 593-94.

*Aguilar*, 2013 IL 112116 at ¶ 20.

The Illinois Supreme Court acknowledged that the right to carry guns is not absolute, and that it is subject to regulation. But as in *Moore* – indeed, as in *Heller* and *McDonald* – the Illinois Supreme Court saw no role for standards of review of any other form of means-ends scrutiny, because the prohibition was complete:

> [W]e cannot escape the reality that, in this case, we are dealing not with a reasonable regulation but with a comprehensive ban. Again, in the form presently before us, [the provision] categorically prohibits the possession and use of an operable firearm for self-defense outside the home. In other words, [the provision] amounts to a wholesale statutory ban on the exercise of a personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court. In no other context would we permit this, and we will not permit it here either.

*Aguilar*, 2013 IL 112116 at ¶ 21.

Illinois' legislature had already replaced the total carry prohibition with an essentially constitutional licensing system for the defensive carrying of handguns by law-abiding, responsible people. While perhaps some aspects of Illinois' regulatory system may go too far, as a whole the post-*Moore* system respects Second Amendment rights.

The District of Columbia is confirmed in its position as the only American jurisdiction to flatly deny people Second Amendment rights.

The time has long arrived for this Court to put an end to that unconstitutional practice. See 28 U.S.C. § 1657(a). The District's prohibition, like Illinois' unlamented prohibition, "amounts to a wholesale statutory ban on the exercise of a personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court. In no other context would [the Court] permit this, and [the Court ought] not permit it here either." *Id*.

Summary judgment should be entered for Plaintiffs.

Dated: September 12, 2013

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
Alan Gura

Attorney for Plaintiffs