IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NOTICE OF SUPPLEMENTAL |
| v. | ) | AUTHORITY |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Today, the District of Columbia Court of Appeals struck down as facially unconstitutional D.C. Code § 22-2511, which made it a felony to knowingly be in a motor vehicle containing a firearm. The court determined that the statute violated the Fifth Amendment's Due Process Clause. See *Conley* v. *United States*, No. 11-CF-589 (D.C. Sept. 26, 2013), attached hereto as Exhibit A.

In so doing, the Court of Appeals repeatedly acknowledged that average person would not necessarily see anything wrong with being in the presence of a gun in a vehicle:

> The fundamental constitutional vice of § 22-2511 is that it criminalizes entirely innocent behavior—merely remaining in the vicinity of a firearm in a vehicle, which the average citizen would not suppose to be wrongful (let alone felonious)—without requiring the government to prove that the defendant had notice of any legal duty to behave otherwise.

Slip Op. 3.

> [G]iven the "long tradition of widespread lawful gun ownership by private individuals in this country," and the recent definitive recognition of a Second Amendment right to possess guns for self-protection, individuals (especially visitors from other jurisdictions) who do not happen to be well-versed in the intricacies of the District's firearms laws may not see anything wrong in the presence of a gun or realize that the local law may proscribe its possession or transportation.

Slip Op. 33-34 (quoting *McDonald* v. *City of Chicago*, 130 S. Ct. 3020, 3049 (2010); *District of Columbia* v. *Heller*, 554 U.S. 570, 635 (2008)) (other footnotes omitted).

> [T]he anomaly and unforeseeability of § 22-2511 are exacerbated by the peculiarity that it is only a crime to remain in the presence of a firearm when inside a motor vehicle. Nowhere else in the District of Columbia does one incur a legal duty to distance oneself upon learning of the presence of a gun on the premises or within one's immediate proximity. Similarly, one who knows a friend is illegally carrying a firearm on his person may remain in the friend's company all day long, pursuing a wide range of normal activities—for instance, walking on the street, going shopping, eating at a restaurant, seeing a movie, visiting the gym, conducting business, and so forth—without violating the law; yet under § 22-2511, if one takes the equally innocuous additional step of accompanying the friend in a car, truck, or bus, one suddenly and without warning commits a felony.

Slip Op. 39.

Context matters. Guns can be misused, but they are also common enough in traditional lawful use that even the D.C. Court of Appeals, which has resisted acknowledging the Second Amendment's extension outside the home, accepts that the carrying of guns is not inherently alarming to the point of creating criminal liability for being in a gun's presence in public because of, inter alia, "the recent definitive recognition of a Second Amendment right to possess guns for self-protection." *Id*.

The American people accept "pursuing a wide range of normal activities" while armed, *id.*, because being armed for self-defense is a *fundamental right*. See U.S. Const. amend. II.

Plaintiffs renew their motions for this Court to expedite the decision of this case, and to enter summary judgment in their favor.

Dated: September 26, 2013                Respectfully submitted,

        Alan Gura (D.C. Bar No. 453449)
        Gura & Possessky, PLLC
        101 N. Columbus Street, Suite 405
        Alexandria, VA 22314
        703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
    Alan Gura

Attorney for Plaintiffs