IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NOTICE OF SUPPLEMENTAL |
| v. | ) | AUTHORITY |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

The United States District Court for the District of Idaho has entered a preliminary injunction against enforcement of 36 C.F.R. § 327.13, banning the carrying of guns for self-defense on land administered by the Army Corps of Engineers, as a Second Amendment violation. The court also denied the government's motion to dismiss the case. The decision in *Morris* v. *U.S. Corps of Army Engineers*, No. 3:13-CV-00336-BLW (D. Idaho Jan. 10, 2014), is attached hereto as Exhibit A.

> The Court must ask first whether the Corps' regulation burdens conduct protected by the Second Amendment. It does. The Second Amendment protects the right to carry a firearm for self-defense purposes. *Heller*, 554 U.S. at 628 (stating that "the inherent right of self-defense has been central to the Second Amendment right"). The regulation bans carrying a loaded firearm for the purpose of self-defense. It also bans carrying an unloaded firearm along with its ammunition. At most, it would allow a person to carry an unloaded firearm so long as he was not also carrying its ammunition. An unloaded firearm is useless for self-defense purposes without its ammunition. While those who use firearms for hunting are allowed greater latitude, the regulation grants no such exemption to those carrying firearms solely for purposes of self-defense. Consequently, the regulation does impose a burden on plaintiffs' Second Amendment rights.

*Morris*, slip op. at 4.

> The Corps' regulation contains a flat ban on carrying a firearm for self-defense purposes. By completely ignoring the right of self-defense, the regulation cannot be saved by the line of cases . . . that upheld gun restrictions accommodating the right of self-defense.

*Id.* at 7 (citations omitted).

Plaintiffs are entitled to summary judgment.

Dated: January 11, 2014                  Respectfully submitted,

                                                        Alan Gura (D.C. Bar No. 453449)
                                                        Gura & Possessky, PLLC
                                                        105 Oronoco Street, Suite 305
                                                        Alexandria, VA 22314
                                                        703.835.9085/Fax 703.997.7665

                                       By:   /s/ Alan Gura
                                                        Alan Gura

                                                        Attorney for Plaintiffs