IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOM G. PALMER, et al., ) | Case No. 09-CV-1482-FJS |
| ) | |
| Plaintiffs, ) | NOTICE OF SUPPLEMENTAL |
| ) | AUTHORITY |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW the Plaintiffs, Tom G. Palmer, George Lyon, Edward Raymond, Amy McVey, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and alert the Court to newly-decided authority highly relevant to the determination of this case.

Over four years ago – on January 15, 2010 – Plaintiffs alerted this Court to a decision of the United States District Court for the Southern District of California, *Peruta* v. *County of San Diego*, No. 09-CV-2371, which denied a motion to dismiss a Second Amendment challenge to the imposition of a severe licensing restriction on the right to bear arms.

The *Peruta* district court would go on to reject the challenge, a decision that became the subject of an appeal argued before the Ninth Circuit on December 6, 2012.

The Ninth Circuit has now decided that appeal. *Peruta* v. *County of San Diego*, No. 10-56971, 2014 U.S. App. LEXIS 2786 (9th Cir. Feb. 13, 2014).

Following an exhaustive historical survey, *Peruta* held that "the carrying of an operable handgun outside the home for the lawful purpose of self-defense, though subject to traditional restrictions, constitutes 'bear[ing] Arms' within the meaning of the Second Amendment." *Id*. at *60.

And critically, the Ninth Circuit then explained—as Plaintiffs here have always urged—that "[t]racing the scope of the right is a necessary first step in the constitutionality analysis—and sometimes it is the dispositive one." *Id.* at *63 (citations omitted).

> A law that "under the pretence of regulating, amounts to a destruction of the right" would not pass constitutional muster "[u]nder any of the standards of scrutiny that we have applied to enumerated constitutional rights." Put simply, a law that destroys (rather than merely burdens) a right central to the Second Amendment must be struck down.

*Id.* (quotation and citation omitted).

> [I]f self-defense outside the home is part of the core right to "bear arms" and the California regulatory scheme prohibits the exercise of that right, no amount of interest-balancing under a heightened form of means-ends scrutiny can justify San Diego County's policy.

*Id.* at *64 (citation omitted).

Recounting the various tiers of means-ends scrutiny applied in Second Amendment cases, the Ninth Circuit continued:

> [T]here is, of course, an alternative approach for the most severe cases—the approach used in *Heller* itself. In *Heller*, applying heightened scrutiny was unnecessary. No matter what standard of review to which the Court might have held the D.C. restrictions, "banning from the home the most preferred firearm in the nation to keep and use for protection of one's home and family would fail constitutional muster." A law effecting a "destruction of the right" rather than merely burdening it is, after all, an infringement under any light.

*Id.* at *66-*67 (footnote and citations omitted). The Ninth Circuit explained that "[i]ntermediate scrutiny is not appropriate . . . for cases involving the destruction of a right at the core of the Second Amendment." *Id.* at *67 n.15.

"It is the rare law that 'destroys' the right, requiring *Heller*-style per se invalidation, but the Court has made perfectly clear that a ban on handguns in the home is not the only act of its kind." *Id.* at *72. Accordingly, the Ninth Circuit held that San Diego's restrictive policies fail at step one—*without* calling for any means-ends scrutiny analysis. And it did so notwithstanding the fact that the prohibition on carrying handguns for self-defense was incomplete, *id.* at *4-*5 n.1, or that

there may be *other* constitutionally-protected reasons to carry handguns, such as "recreation, hunting, or resisting government tyranny," *id.* at *21 n.4 (quotation omitted).

Here, of course, the prohibition on bearing arms—a fundamental, enumerated individual right spelled out in the text of our Constitution—is complete.

It should be enjoined immediately.

Dated: February 18, 2014                    Respectfully submitted,

                                                               Alan Gura (D.C. Bar No. 453449)
                                                             Gura & Possessky, PLLC
                                                             105 Oronoco Street, Suite 305
                                                             Alexandria, VA 22314
                                                             703.835.9085/Fax 703.997.7665

                                              By:  /s/ Alan Gura
                                                             Alan Gura

                                                             Attorney for Plaintiffs