UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
TOM G. PALMER, *et al.*                                 )
                                                        )
                        Plaintiffs,                     )
                                                        )
            v.                                          )        Civil Action No. 09-01482 (FJS)
                                                        )
DISTRICT OF COLUMBIA, *et al.*,                         )
                                                        )
                        Defendants.                     )
_____)

DEFENDANTS' PARTIAL UNOPPOSED MOTION TO STAY PENDING APPEAL OR IN
THE ALTERNATIVE, FOR 180 DAYS AND FOR IMMEDIATE ADMINISTRATIVE STAY

Pursuant to Fed. R. Civ. P. 7(b) and 62(c), defendants the District of Columbia and

Metropolitan Police Chief Cathy Lanier move this Honorable Court to stay its Memorandum-

Decision and Order of July 26, 2014, pending appeal. In the alternative, the Court should stay its

ruling for no less than 180 days, to enable the Council of the District of Columbia to obtain

public input and enact a compliant licensing mechanism. In addition, the Court should, in the

interest of public safety and clarity for the public and government, grant an immediate stay of its

ruling while it evaluates this motion.

The defendants' Memorandum of Points and Authorities in support hereof is attached

hereto and incorporated by reference herein. Alternative proposed Orders are also attached

hereto.

Pursuant to LCvR 7(m), the undersigned discussed the subject motion with opposing

counsel, who indicated that plaintiffs do not oppose a 90-day stay—starting immediately—

"pending the city council enacting remedial legislation that complies with constitutional

standards." Plaintiffs also indicated that they would be filing their further views on the defendants' motion on or before August 4, 2014.

The Court should grant this motion because a stay would preserve the *status quo*, and allow the defendants to pursue an appeal and/or the Council and the public to consider and enact an important piece of legislation that complies with the Second Amendment and the Court's Order. The Court should also immediately grant a brief administrative stay of its ruling to preserve the *status quo* as it existed prior to July 26, 2014, for at least for the short time that it considers whether to grant a lengthier stay..

WHEREFORE, the defendants respectfully request that this Honorable Court:

A.  Grant the defendants' Motion to Stay Pending Appeal;

B.  In the alternative, grant a stay for 180 days;

C.  Grant an immediate administrative stay; and

D.  Grant the defendants such other and further relief as the nature of their cause may require.

DATE: July 28, 2014                 Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division


_____/s/ Grace Graham_____
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
TOM G. PALMER, *et al.*                                 )
                                                        )
                    Plaintiffs,                         )
                                                        )
            v.                                          )        Civil Action No. 09-01482 (FJS)
                                                        )
DISTRICT OF COLUMBIA, *et al.*,                         )
                                                        )
                    Defendants.                         )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
DEFENDANTS' PARTIAL UNOPPOSED MOTION TO STAY PENDING APPEAL OR IN
THE ALTERNATIVE, FOR 180 DAYS, AND FOR IMMEDIATE ADMINISTRATIVE STAY

       Defendants the District of Columbia and Cathy Lanier (collectively, "the District"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of its Partial Unopposed Motion to Stay Pending Appeal or, in the Alternative, for 180 Days, and for Immediate Administrative Stay, pursuant to Fed. R. Civ. P. 7(b) and 62(c). Alternative proposed Orders are attached hereto.

       The Court should stay its Order here to allow the defendants to pursue an appeal and/or the Council and the people of the District of Columbia time to develop a considered, responsible piece of legislation, and to eliminate the uncertainty that has arisen over the scope of the Court's Order.

**Factual and Procedural Background**

       By Memorandum-Decision and Order dated July 26, 2014 ("Order"), the Court determined that the Second Amendment protects "the carrying of an operable handgun outside

the home for the lawful purpose of self-defense . . . ." Order at 14 (quoting *Peruta v. Cnty. of San Diego*, 742 F.3d 1144, 1166 (9th Cir. 2014)). The Court subsequently concluded that "the District of Columbia's complete ban on the carrying of handguns in public is unconstitutional." *Id.* at 16. The Court permanently enjoined the defendants "from enforcing the home limitations of D.C. Code § 7-2502.02(a)(4) and enforcing D.C. Code § 22-4504(a) unless and until such time as the District adopts a licensing mechanism consistent with constitutional standards enabling people to exercise the Second Amendment right to bear arms." *Id.* (citation omitted).

### Argument

In deciding whether to grant a stay pending appeal, the Court should consider whether (1) the District is likely to succeed on the merits, (2) irreparable harm to the District will result if the stay is not granted, (3) others will be harmed without a stay, and (4) the public interest favors granting the stay. *United States ex rel. Barko v. Halliburton Co.*, ___ F.Supp.2d ___, 2014 WL 929430, *4 (D.D.C. Mar. 11, 2014) (citing *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). The grant of a stay is a matter of "judicial discretion" that is "dependent upon the circumstances of the particular case." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 419 (2009) (citations omitted)).

The District meets all four elements of the test. A stay here would preserve the *status quo* as it stood prior to the Court's Order. *See Citizens for Responsibility & Ethics in Wash. v. Office of Admin., Executive Office of the President*, 593 F.Supp.2d 156, 159 (D.D.C. 2009) ("a stay pending appeal 'is preventative, or protective; it seeks to maintain the status quo pending a final determination of the merits of the suit.'") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

Moreover, a stay would allow the defendants to pursue an appeal and the citizens of the District—through their elected officials—to enact a "licensing mechanism" consistent with the Order and the Second Amendment.

*1. The District is Likely to Succeed on the Merits.*

Neither the Supreme Court nor the D.C. Circuit has determined whether or not the Second Amendment extends beyond the home. Only one circuit—the Seventh—has extended the Second Amendment right beyond the home in a jurisdiction (Illinois) that had not already, historically, recognized some form of public carrying. The *scope* of the right nationwide is therefore still to be determined, but, as the District has argued, the history underlying the Second Amendment does not support an unlimited right to carry outside the home. *See* Doc. No. 33. Moreover, the unique situation of the District—home as it is to the center of federal government (including a history in this city of attempted assassinations by firearm of sitting Presidents), numerous, historically important sites, and thousands of visiting dignitaries and foreign officials every year (some of whom receive death threats)—requires a careful analysis of the rights granted under the Second Amendment that is distinctly applicable to this unique jurisdiction. *See* Doc. No. 7 at 23–28; Doc. No. 12 at 10–12 & n.9. The District believes that it will demonstrate on appeal that its unique circumstances require a different outcome here.

The Circuit has explained that the "substantial likelihood of success" element "does not necessarily imply that a party needs to demonstrate a 50% chance or better of prevailing on appeal." *Committee on the Judiciary U.S. House of Representatives v. Miers*, 575 F.Supp.2d 201, 203 (D.D.C. 2008) (citing *Holiday Tours, Inc.*, 559 F.2d at 843). Rather, the party seeking a stay pending appeal can satisfy that element of the test by raising a "serious legal question." *Id.*

(quoting *Holiday Tours*, 559 F.2d at 844 ("it will ordinarily be enough that the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.") (citation omitted)); *see Al-Anazi v. Bush*, 370 F.Supp.2d 188, 193 n.5 (D.D.C. 2005) ("courts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms strongly favors a stay") (citing, *inter alia*, *Cuomo*, 772 F.2d at 978)).

Here, the District has raised a serious legal question, indeed, one that is of first impression in the District. This favors a stay. *See also Ctr. for Int'l Envtl. Law v. Office of the U.S. Trade Rep.*, 240 F.Supp.2d 21, 22–23 (D.D.C. 2003) (granting stay pending appeal, where, despite risks of harm to plaintiffs, case clearly presented "a serious legal question" on issue of first impression).

*2. The District Will Suffer Irreparable Harm.*

The Court has enjoined the District from enforcing two statutes with important public-safety consequences. The Court's intent appeared to be to invalidate the District's prohibition on carrying duly registered handguns outside the home. However, the language of the Order is not so limited. A stay will allow the Court, if necessary, to clarify its intent and language in response to a forthcoming motion from the defendants.

"[A]ny time a State [or local government] is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury." *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in

chambers); *see also Maryland v. King*, ___ U.S. ___, 133 S. Ct. 1, 3 (July 30, 2012) (Roberts, C.J., in chambers) (same).

The Order is already having an effect, because defense attorneys, on information and belief, are demanding that prosecutors (from the U.S. Attorney's Office, in criminal cases, and the Office of the Attorney General, in juvenile-delinquency cases) drop *all* charges pursuant to D.C. Official Code § 22-4504(a), which prohibits the public carrying of "any deadly or dangerous weapon" capable of being concealed, not just "pistols." Unfortunately, the literal terms of the Court's Order were overbroad and *not* explicitly limited to pistols or Second Amendment concerns.

The Order includes three paragraphs that enjoin enforcement of District statutes. Paragraph 1 specifically references "registration of handguns to be carried in public" *See* Order at 18. Paragraph 2 contains the prohibition from enforcing § 22-4504(a). *Id.* at 19. Paragraph 3 contains a limitation on enforcement of § 22-4504(a) against individuals "based solely on the fact that they are not residents of" the District.

A stay would obviate the immediate need for the Court to clarify that the injunction imposed applies only to handguns, and not every other "dangerous or deadly" concealable weapon, and help minimize the resulting confusion in the criminal-justice system in this city resulting from the Court's Order.

*3. The Balance of Equities Favors the District.*

The balance of equities here favors a stay, because it would allow the District to pursue appeal and/or to enact a licensing mechanism consistent with the Court's opinion and the public interest. A stay would allow an orderly process, to obtain the most considered legislation

possible. Indeed, the Council of the District is currently on recess until September 15. *See*

http://www.washingtonpost.com/local/dc-politics/dc-council-agenda/2014/07/21/c33d470a-

1107-11e4-98ee-daea85133bc9_story.html (as of July 28, 2014). The Council would not be able

to take up the matter until then at the earliest; a brief stay to allow the Council to draft, consider,

and enact appropriate legislation is clearly in the District's—and the public's—interest. That is

especially true given that the Council could constitutionally choose to limit carrying—by place

of carrying, manner of carrying, or class of weapon being carried—where the Order currently

would allow it. (Plaintiffs have emphasized, for instance, that they do not claim a right to "open

carry" or "concealed carry" in particular). *See* Doc. No. 5-2 at 7. A stay would prevent the

Council from having to unduly rush, which could result in a law that is not as considered as it

could be, and limit the public's confusion and other unintended consequences.

In *Moore v. Madigan*, the Seventh Circuit found that Illinois' prohibition on the public

carrying of guns, with very few exceptions, violated the Second Amendment. 702 F.2d 933. The

Seventh Circuit, however, ordered its mandate "stayed for 180 days to allow the Illinois

legislature to craft a new gun law that will impose reasonable limitations, consistent with the

public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns

in public." *Id*. at 942.[1] This Court should do the same.

---

[1]      The Seventh Circuit later extended the stay for an additional 30 days at Illinois' request. *See Shepard v. Madigan*, 734 F.3d 748, 749 (7th Cir. 2013). The Illinois legislature subsequently enacted legislation (over a gubernatorial veto), which gave the Illinois State Police 180 days to make concealed-carry license applications available to the public, and 90 days after receipt of a completed application to issue such licenses to qualified applicants. *Id*. at 750. The plaintiffs in that case, however, were "incensed" at the long delay, claiming that the state was simply "dragging its heels." *Id*. at 750–51. The Seventh Circuit rejected that argument, determining that the relief sought by those plaintiffs (allowing anyone with a gun registered at home to carry it in public) "is unreasonable." *Id*. at 750. The Seventh Circuit declined to decide plaintiffs' claims regarding the new legislation, "that issue is not before us[,]" noting only that "[O]ur mandate did not forbid the state to impose greater restrictions on carrying a gun outside

Like Illinois, the District has had a ban on public carrying in place for decades, and some time is needed to fashion an appropriate response to the Court's Order, taking into account the current state of the law, public safety, and the manifold other interests at stake in such an important piece of legislation. *See* n.1, *supra*. *See also Ill. Ass'n of Firearms Retailers v. Chicago*, 961 F.Supp.2d 928, 947 (N.D. Ill. 2014) (finding that city's ban on virtually all sales and transfers of firearms violated the Second Amendment, but *sua sponte* staying judgment "at the very least until after the City has filed a motion for stay pending appeal . . . and after the Court rules on that stay motion.").

Moreover, the fact that this particular legal issue has previously not been squarely addressed in any controlling court militates in favor of a stay pending appeal. *See Citizens for Responsibility & Ethics in Wash. v. Cheney*, 577 F.Supp.2d 328, 338 (D.D.C. 2008) (preliminary injunction granted where movant presented "a complex issue of first impression"); *Ctr. for Int'l Environmental Law*, 240 F.Supp.2d at 22–23 (stay warranted, *inter alia*, where "case presents an issue of first impression"). *See also Klayman v. Obama*, 957 F.Supp.2d 1, 43–44 (D.D.C. 2013) (*sua sponte* staying order pending appeal, in light of, *inter alia*, "the novelty of the constitutional issues").

*4. A Stay Pending Appeal Would Serve the Public Interest.*

The public interest is not served by rushed legislation on a foundational public-safety issue or by allowing any and all "dangerous or deadly" concealable weapons to be carried in

---

the home than existing Illinois law . . . imposes on possessing a gun in the home." *Id*. at 751. "It should have been obvious that transition to a new regime of gun rights would require considered, complex state action, and therefore could not be instantaneous." *Id*. The District asserts that all of these thoughts are appropriate here.

public, without reasonable restrictions being imposed, during the pendency of any appeal and/or new legislation.

Indeed, the uncertainty of the scope of the Court's Order—alone—supports the issuant of a stay. "Where an injunction may adversely affect a public interest, the Court, in its exercise of discretion, may withhold such relief *even though* such denial may prove burdensome and cause hardship to the petitioner." *Marine Transport Lines, Inc. v. Lehman*, 623 F.Supp. 330, 334–35 (D.D.C. 1985) (emphasis added) ("The award of such relief is not a matter of right, even though the petitioner claims and may incur irreparable injury.").

The District avers that a stay would be in the public interest, as it would allow the defendants to appeal and/or the District's elected representatives to follow the prescribed process for developing and enacting important legislation that complies with the Constitution and this Court's Order. Moreover, plaintiffs do not oppose an immediate stay for 90 days.

## Conclusion

For the foregoing reasons, the District respectfully requests that its Partial Unopposed Motion for Stay Pending Appeal or, in the Alternative, for 180 Days and for Immediate Administrative Stay be granted, and that this Court immediately grant a brief administrative stay to preserve the *status quo* that existed prior to its July 26, 2014, Order for at least the short time that it considers whether to grant a lengthier stay.

DATE: July 28, 2014                    Respectfully submitted,

                                       IRVIN B. NATHAN
                                       Attorney General for the District of Columbia

8

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division


_____/s/ Grace Graham_____
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov