IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | NOTICE OF SUPPLEMENTAL |
| | ) | AUTHORITY |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

On September 25, 2014, the United States District Court for the Eastern District of Pennsylvania decided *Binderup* v. *Holder*, No. 13-6750-JKG, ___ F. Supp. 2d __ (E.D. Pa. Sept. 25, 2014). A copy of that opinion is attached hereto as Exhibit A. *Binderup* presented a different sort of Second Amendment question than the one here before the Court, but the manner in which it was decided is instructive.

The plaintiff in that civil action, Mr. Binderup, had been convicted of one misdemeanor count of "corruption of minors," which the Government contended barred him from possessing firearms under the so-called "felon in possession" ban of 18 U.S.C. § 922(g)(1). Binderup sought to possess firearms in his home. He contended that Section 922(g)(1) did not actually encompass his conviction, and alternatively, that application of Section 922(g)(1) against him on account of that conviction violated his Second Amendment rights.

The District Court rejected Binderup's statutory arguments, but gave him relief on his as-applied constitutional challenge. With respect to that challenge, the *Binderup* parties' disagreement about which analytical framework applied mirrored that which underlies Defendants' motion for reconsideration in this case.

The Government contended that Binderup's constitutional claim was governed by intermediate scrutiny under the familiar "two-step" approach, adopted in the Third Circuit much as it has been adopted in the D.C. Circuit and elsewhere. *United States* v. *Marzzarella*, 614 F.3d 85 (3d Cir. 2010). Binderup countered that means-ends scrutiny was inapplicable. The question, according to Binderup, was not whether Section 922(g)(1), either generally or as-applied to convictions for "corruption of minors," was properly tailored to advancing an important government interest. Rather, the question was whether Section 922(g)(1) was properly applied against *Binderup*, considering his unique personal circumstances. On that question, the Third Circuit had offered a specific test, notwithstanding its earlier adoption of the two-step framework:

> To raise a successful as-applied challenge, [the plaintiff] must present facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. For instance, a felon convicted of a minor, non-violent crime might show that he is no more dangerous than a typical law-abiding citizen. Similarly, a court might find that a felon whose crime of conviction is decades-old poses no continuing threat to society.

*United States* v. *Barton*, 633 F.3d 168, 174 (3d Cir. 2011). Other circuits which generally follow the two-step methodology have also adopted this sort of test for as-applied challenges to firearms disabilities. *United States* v. *Williams*, 616 F.3d 685, 692 (7th Cir. 2010); *United States* v. *Moore*, 666 F.3d 313, 319 (4th Cir. 2012); *United States* v. *Chester*, 628 F.3d 673, 679 (4th Cir. 2010).

The *Binderup* court held that while it is possible to apply the two-step, intermediate scrutiny approach to as-applied challenges, the better approach was the individualized method laid out in *Barton*. See Exh. A, at 36 & 55-58.

*Barton* was not an en banc case—it could not have overruled the Third Circuit's earlier adoption of the two-step framework in *Marzzarella*. Rather, the obvious implication is that the *Barton* panel did not view the performance of means-ends scrutiny as exclusive and mandatory in all

Second Amendment cases, and this much was not disturbed by the full circuit. The Eastern District of Pennsylvania had no trouble seeing that, however useful some "level of scrutiny" approach may often be, there is no "one size fits all" method for resolving Second Amendment questions.

In this case, this Court has taken the two-step approach as far as it could logically go. But just as "intermediate" (or any other level of) scrutiny was not applied to resolve *Parker* v. *District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), *aff'd sub nom District of Columbia* v. *Heller*, 554 U.S. 570 (2008), it does not *have* to be utilized here. In utilizing that sort of approach in *Heller* v. *District of Columbia*, 670 F.3d 1244 (D.C. Cir. 2011) ("*Heller II*"), the D.C. Circuit did not overrule or limit its earlier decision in *Parker*, just as the two-step method's adoption in *Marzzarella* did not prevent the Third Circuit from finding a better approach to the question in *Barton*, which District Courts are now applying. The latest decision in *Binderup* again confirms that means-ends scrutiny is not the exclusive and mandatory means of resolving Second Amendment questions.

Dated: September 26, 2014

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By:  /s/ Alan Gura
Alan Gura
Attorney for Plaintiffs

3