**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

**TOM G. PALMER, GEORGE LYON,**
**EDWARD RAYMOND, AMY MCVEY,**
**and SECOND AMENDMENT FOUNDATION,**
**INC.,**

                                **Plaintiffs,**

                        v.                                    **1:09-CV-1482**
                                                               **(FJS)**

**DISTRICT OF COLUMBIA and**
**CATHY LANIER,**

                                  **Defendants.**

_____

**APPEARANCES**                                   **OF COUNSEL**

**GURA & POSSESSKY, PLLC**                **ALAN GURA, ESQ.**
101 North Columbus Street, Suite 405
Alexandria, Virginia 22314
Attorneys for Plaintiffs

**OFFICE OF THE ATTORNEY**            **ANDREW J. SAINDON, ESQ.**
**GENERAL FOR THE DISTRICT**
**OF COLUMBIA**
441 Fourth Street, N.W.
6th Floor South
Washington, D.C. 20001
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     In a Memorandum-Decision and Order dated July 24, 2014, the Court granted Plaintiffs'

motion for summary judgment and denied Defendants' cross-motion for summary judgment. *See*

Dkt. No. 51 at 18. In so doing, the Court permanently enjoined Defendants from enforcing D.C.

Code § 7-2502.02(a)(4) to ban registration of handguns to be carried in public for self-defense by law-abiding citizens and permanently enjoined Defendants from enforcing D.C. Code § 22-4504(a). *See id.* at 18-19. Finally, the Court enjoined Defendants from enforcing D.C. Code § 7-2502.02(a)(4) and D.C. Code § 22-4504(a) against individuals based solely on the fact that they were not residents of the District of Columbia. *See id.* at 19. The Court entered judgment on July 29, 2014. *See* Dkt. No. 54.

Defendants filed a motion for reconsideration of the Court's July 24, 2014 Memorandum-Decision and Order, *see* Dkt. No. 62, which Plaintiffs opposed, *see* Dkt. No. 65. On October 17, 2014, the Court heard oral argument in support of and in opposition to that motion; and, at the conclusion of the parties' arguments, the Court issued an oral order denying the motion. *See* Minute Entry dated October 17, 2014. The Court also advised the parties that a written decision would be forthcoming. The following constitutes the Court's written disposition of Defendants' motion.

## II. DISCUSSION

It is well-established that a court need not grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure "'unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice.'" *Koch v. White*, No. 12-0301, 2014 WL 2598745, *1 (D.D.C. June 11, 2014) (quoting *Dyson v. District of Columbia*, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004))). Parties may not use Rule 59(e) motions "'to raise new arguments or present evidence that could have been raised prior to

the entry of judgment.'" *Id.* (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)) (other citation omitted).  Finally, in this Circuit, "'[m]otions for reconsideration are disfavored and are 'granted only when the moving party establishes extraordinary circumstances.'" *Id.* (quoting *Solomon v. Univ. of Southern California*, 255 F.R.D. 303, 305 (D.D.C. 2009) (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d at 28)).

     As a basis for their Rule 59(e) motion, Defendants assert that there is a need to correct clear error in the Court's July 24, 2014 Memorandum-Decision and Order.  Specifically, they argue that the Court's decision contained two underlying errors: (1) the Court's finding that the right to carry firearms in public was at the core of the Second Amendment and (2) the Court's reliance only on cases that were not controlling precedent to support that conclusion.  *See* Dkt. No. 63 at 4.  Furthermore, Defendants contend that the Court compounded those errors by not addressing or considering their justifications for their total ban on the carrying of firearms in public.  *See id.*  Finally, Defendants claim that the Court erred by not engaging in an intermediate scrutiny analysis or, alternatively, that, if it did engage in such analysis and found the record wanting, the Court should have, based on the *Heller II* remand, ordered additional briefing regarding Defendants' justifications.  *See id.*

     As the Court noted at oral argument, it finds that Defendants' arguments in support of their motion are somewhat disingenuous.  As the Court stated in its decision, the Ninth Circuit's conclusion in *Peruta* that "the carrying of an operable handgun outside the home for the lawful purpose of self-defense, though subject to traditional restrictions, constitutes 'bear[ing] Arms' within the meaning of the Second Amendment," *Peruta v. Cnty. of San Diego*, 742 F.3d 1144,

1166 (9th Cir. 2014), was not surprising in light of other circuits that had reached the same result. *See* Dkt. No. 51 at 14 (citing [*Peruta*, 742 F.3d at 1166]).  In so stating, this Court made clear, as did the Ninth Circuit in *Peruta*, that those circuits had **either held or assumed** that the right to bear arms implies a right to carry outside the home.  *See id.* (citing [*Peruta*, 742 F.3d at 1166] (citing *Moore*, 702 F.3d at 936 ("A right to bear arms thus implies a right to carry a loaded gun outside the home."); *Drake*, 724 F.3d at 431 (recognizing that the Second Amendment right "*may* have some application beyond the home"); *Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013) ("We . . . assume that the *Heller* right exists outside the home. . . ."); *Kachalsky*, 701 F.3d at 89 (assuming that the Second Amendment "must have *some* application in the very different context of the public possession of firearms")).

Moreover, despite Defendants' assertion to the contrary, this Court very clearly noted that, although the core of the Second Amendment was the right to bear arms for self-defense,  there was a difference between the burdens that the government could place on the exercise of that right depending on whether individuals were exercising that right at home or in public.  *See* Dkt. No. 51 at 15-16.

Finally, as the Court clearly stated in its option and at oral argument, it was not necessary to determine what level of scrutiny applied in this situation because, "[i]n light of *Heller*, *McDonald*, and their progeny, there [was] no longer any basis on which this Court [could] conclude that the District of Columbia's total ban on the public carrying of ready-to-use handguns outside the home [was] constitutional under **any level of scrutiny**" be it intermediate or strict.  *See* Dkt. No. 51 at 16 (emphasis added).  As the Court explained at oral argument, if and when Defendants present this Court with a statute that provides some limitations on the carrying of

handguns in public, rather than a total ban on such activity, the Court will then be required to determine whether to apply strict or intermediate scrutiny to those limitations in order to decide whether they passed constitutional muster under the appropriate level of scrutiny. That, however, is not the issue now before the Court.

For all these reasons, the Court concludes that Defendants have not sustained their burden to establish that the Court's decision was based on a clear error of law. At best, Defendants' motion for reconsideration presents a disagreement with the Court's interpretation of the relevant law, which, although it may be grounds for an appeal, is not a proper basis for a motion for reconsideration.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration of the Court's July 26, 2014 Memorandum-Decision and Order is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 6, 2014
      Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge