IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | RESPONSE TO DEFENDANTS' |
| | ) | NOTICE RE: JURISDICTION |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

RESPONSE TO DEFENDANTS' NOTICE RE: JURISDICTION

INTRODUCTION

Defendants raise two points in seeking to avoid this Court's enforcement of its judgment: (1) a "new lawsuit" theory, and (2) a more direct plea of loss of jurisdiction allegedly occasioned by their appeal. Neither of these arguments have merit, and indeed, they are inconsistent, though they both rest upon a fundamental misunderstanding of what, exactly, Plaintiffs seek by their motion.

The first argument is familiar to this Court, because it is exactly the same argument Defendants already raised in opposing Plaintiffs' pending enforcement motion. On this score, there is nothing new here. The second argument misleads by omission. It correctly states the rule for when District Courts lose jurisdiction, but does not explain why the rule applies. No effort is made to show that the issues on appeal are the same as those in Plaintiffs' pending motion (they are not). Nor do Defendants state the *other*, equally-established side of the same jurisdictional coin: appeals do not cause District Courts to lose their powers of enforcement, which is why the rules provide avenues for staying this Court's judgment. See Fed. R. App. P. 8.

1

Defendants have already lost one motion for a stay, and they are doubtless loathe to try again in the Court of Appeals. Hence, their latest notice, which seeks to short-circuit Rule 8's normal stay procedures by misrepresenting the law of jurisdiction. This ploy should not be countenanced. If Defendants are correct, and a notice of appeal automatically divests the Court of the power to enforce its orders, then Fed. R. App. P. 8 might as well not exist.

But Rule 8 does exist, and it exists for a reason. Responsible litigants enjoined by federal district courts care about obtaining stays. And absent a stay, from this Court or the D.C. Circuit, enforcement jurisdiction remains. Nothing that Defendants have cited to this Court, in their incomplete review of the relevant law, contradicts this well-established, common-sense rule.

Of course, Defendants have at least one other option: they might yet persuade this Court that their new legislation complies with the Court's order. But failing that, they can always seek a stay from the D.C. Circuit pursuant to Rule 8, an option made somewhat easier now that they have finally noticed an appeal. What Defendants cannot do is defeat this Court's jurisdiction to enforce its orders pending appeal simply by virtue of having a filed a notice of appeal, without troubling themselves with difficult stay litigation—an outcome that is, quite profoundly, not the law.

ARGUMENT

Defendants' first argument is something of a mystery. Defendants "suggest that the Court *now* lacks jurisdiction to decide plaintiffs' pending Motion for Permanent Injunction (Doc. No. 71), as it is a new challenge to a new law, which requires a new lawsuit." Def. Notice, Nov. 14, 2014, Dkt. 77 (emphasis added).

But why "now?" Defendants have cited all the same (inapposite) cases for their "new lawsuit" theory that they briefed in opposition to Plaintiffs' motion, well-before they noticed their appeal. It is not clear—indeed, it is not even explained—why or how the notice of appeal converts

the Plaintiffs' motion to a "new challenge to a new law," or what the notice of appeal adds to this argument, which Defendants have previously made, in precisely the same way, *before* noticing an appeal.[1] Plaintiffs replied to Defendants' "new lawsuit" theory, and as Defendants developed nothing new with respect to the theory here, there is no point in repeating that response.

Of course, nothing in Plaintiffs' motion "challenge[s] . . . a new law." Plaintiffs do not seek to stop Defendants from processing handgun carry applications under the revived D.C. Code § 22-4506. Defendants are free to operate their system. The only point of Plaintiffs' motion—which concedes that a new injunction might not even be required at all should the Court determine that the old injunction suffices—is that the revived licensing scheme is constitutionally inadequate.

This point cannot be over-stressed: Plaintiffs are not asking for any further adjudication of the main issue in the case—whether the Second Amendment secures their right to carry a handgun for self-defense outside the home. That much, at least here, was settled, determined, and has since departed for the sixth floor along with Defendants' notice of appeal.

Instead, Plaintiffs ask only for the Court to *give effect* to its dispositive order, because that order has not been stayed or reversed. Plaintiffs are not concerned with whether compliance with the Court's decision requires a new injunction, or merely the enforcement of the old one. See, *e.g.*, Pl. Reply, Dkt. 74, at 1 n.1. What matters is that the Court's judgment be given real, practical effect that actually causes Defendants to alter their unlawful behavior—unless and until Defendants get a stay from the D.C. Circuit, which they have yet to seek.

This brings the matter to Defendants' second point, the general rule that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control *over those*

---

[1] Notably, Defendants do not respond to any point made in Plaintiffs' reply regarding the "new lawsuit" theory, but Defendants do not reiterate their exhaustion theories.

*aspects involved in the appeal.*" *United States* v. *Sparks*, 885 F. Supp.2d 92, 102 (D.D.C. 2012) (citation omitted) (emphasis added).

<u>Exactly</u>. But Defendants are silent as to what, precisely, are the "aspects involved in the[ir] appeal." Defendants are suggesting a lack of jurisdiction to enforce a judgment that fundamental constitutional rights are being violated. This is not a small matter. It is not too much to ask of them to explain *how* such enforcement trenches upon any issue being considered in the appeal. The answer here is obvious, both because the case is straightforward, and because Defendants have already moved for reconsideration, thus highlighting the "aspects involved in the appeal."

To review: Defendants claim that there is no right to carry a handgun outside the home. And they claim that even if such a right exists, the District of Columbia's special status as our Nation's capital exempts them from the Second Amendment's effective operation, under some form of intermediate, means-ends scrutiny.

That is all. Those two issues, and nothing more nor less, are the "aspects involved in the appeal." Neither of these two issues are the subject of Plaintiffs' motion. Nothing on the docket for November 20 is an "aspect[] involved in the appeal." The only issue outstanding before this Court is *enforcement*.

And it is well-established that "[a]lthough the filing of [a] notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district court retains jurisdiction over any issues *relating to the enforcement of the judgment*." *FDIC* v. *Bank of New York*, 479 F. Supp. 2d 1, 13 (D.D.C.), *aff'd*, 508 F.3d 1 (D.C. Cir. 2007) (citations omitted) (emphasis added).

"The Court has continuing jurisdiction to protect and enforce its judgments." *United States* v. *York*, 909 F. Supp. 4, 9 (D.D.C. 1995). Notably, for Defendants, this Court would have

4

"authority to cite defendants for contempt of its orders even though appeal from them is pending."
*NOW* v. *Operation Rescue*, 816 F. Supp. 729, 734 (D.D.C. 1993), *aff'd in part, vacated in part*,
37 F.3d 646 (D.C. Cir. 1994) (citation omitted).

Indeed, the Defendants not only acknowledge that the appeal relates to different aspects than
those presented by Plaintiffs' motion—they go so far as to argue that Plaintiffs raise an entirely new
challenge to a new case. They do not merely argue that *this* Court should not consider whether their
new legislation comports with the Court's judgment—they argue, in effect, that the *Court of
Appeals* cannot consider the new legislation. Defendants would doubtless object if any aspect of the
appeal, as presently framed, reached the subject matter of what they claim requires a new case.

\* \* \*

This Court has ordered that D.C. Code § 22-4504(a) is to remain enjoined "unless and until
such time as the District of Columbia adopts a licensing mechanism consistent with constitutional
standards enabling people to exercise their Second Amendment right to bear arms." Memorandum
Decision & Order, Dkt. 51, at 16 (footnote omitted). It was fully entitled to do that—and to give
meaning to this order. A notice of appeal is not the proper vehicle by which to defeat the Court's
ability to enforce such orders. A motion for a stay, addressed to this Court or to the D.C. Circuit, is.

Because District Courts always retain enforcement jurisdiction, there is no way around the
restrictions of Rule 8. If losing parties wish to stop a District Court from enforcing its judgment
while pursuing an appeal, they *must* file a request with the District Court and, failing that, with the
Court of Appeals, for a stay.

Surely, were this Court to deny Plaintiffs' pending motion for lack of jurisdiction, and
Plaintiffs returned the very next day, as they well might, with a motion seeking sanctions for
contempt of the existing injunction, raising all the same problems with Defendants' current licensing

regime, Defendants could not argue that this Court lacks jurisdiction to entertain *that* motion. See *NOW*, supra, 816 F. Supp. at 734. The present circumstances are no different, as they "relat[e] to enforcement of the judgment." *FDIC*, 479 F. Supp. 2d at 13.

This Court is fully empowered to determine whether Defendants are in compliance with its injunction. No one forced Defendants to enact the law that they did, and they are not immune from having it reviewed, in the first instance, by this Court for compliance with this Court's judgment. If Defendants do not like this Court's answer, then they would be welcome to amend their notice of appeal, and explain to the D.C. Circuit why they believe that their licensing regime satisfies constitutional standards. Defendants are also welcome to try out their stay arguments on the D.C. Circuit, as required by Fed. R. App. P. 8 if they are to avoid proceedings applying the judgment.

This Court retains enforcement jurisdiction.

Dated: November 17, 2014                    Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By:  /s/ Alan Gura
Alan Gura

Attorney for Plaintiffs

6