UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOM G. PALMER**, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 09-01482 (FJS) |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## RESPONSE

The Defendants ("the District") hereby respond briefly to Plaintiffs' Response to Defendants' Notice re: Jurisdiction (Doc. No. 81).

Plaintiffs incorrectly claim that the District has attempted to "mislead" the Court on jurisdiction. The contention is specious—the District did not do so and, in any event, courts have an independent obligation to determine their own jurisdiction, even if the parties fail to address the issue. *Obaydullah v. Obama*, 688 F.3d 784, 788 (D.C. Cir. 2012) (citing *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (Mar. 1, 2011)).

The Court knows what it ruled on and the scope of its judgment. *Of course* the Court has jurisdiction to enforce its Order; the District has never contended otherwise. Indeed, the District has shown that it has fully complied with the Court's Order, and plaintiffs have utterly failed to present any competent evidence showing otherwise. The Court can and should deny plaintiffs' Motion for Permanent Injunction now, on the papers. *See* LCvR 7(f).

Plaintiffs' motion raises *new* challenges to a *new* law. The relief plaintiffs seek is outside the scope of the existing judgment—now on appeal—and thus requires a *new* lawsuit. The final judgment in *this* lawsuit has been appealed. Because the matter has been appealed, "the proper

scope of action of the trial court is merely ministerial to aid in the appeal." *Athridge v. Iglesias*, 464 F.Supp.2d 19, 22 (D.D.C. 2006). *See also WMATA v. Reliable Limousine Serv., LLC*, 985 F.Supp.2d 23, 29 (D.D.C. 2013) ("[A]fter appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court.") (quoting *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922)).

In their motion, however, plaintiffs seek much *more* than the status quo: They seek to enjoin an entirely new regulatory regime. In essence, plaintiffs are attempting to amend their five-year-old complaint after judgment, which is impermissible. "[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).[1]

Moreover, plaintiffs lack standing to challenge the new law, because by their own admission none of them has even attempted to apply for a license for the concealed-carry of a handgun.

Even if the Court determines that it has jurisdiction to consider plaintiffs' new arguments, as plaintiffs (finally) acknowledge, the correct standard to adjudge alleged violations of court orders is contempt. Plaintiffs fall far short of meeting that showing.

In fact, plaintiffs fail even to cite the standards for showing contempt, because they remain unable to meet their steep burden. The District has complied fully with the Court's Order (and, though the question is not properly posed yet, the Second Amendment).

---

[1] Under that standard, plaintiffs would have to show an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (citations omitted). *See also* Doc. No. 75 at 2 (same). Plaintiffs have not met this stringent burden.

Courts have the inherent power to punish disobedience through the use of civil contempt, to compel compliance with their orders. *See, e.g., Cobell v. Norton*, 334 F.3d 1128, 1141, 1144 (D.C. Cir. 2003) (citing *Fisher v. Pace*, 336 U.S. 155, 159 (1949) and *Int'l Union, UMW v. Bagwell*, 512 U.S. 821, 827 (1994)). To find a party in contempt, the opposing party must demonstrate, by "clear and convincing evidence," that (1) there was a court order; (2) the order required certain conduct; and (3) the party failed to comply with the order. *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass, LLC*, 736 F.Supp.2d 35, 38 (D.D.C. 2010) (citing, *inter alia*, *Armstrong v. Executive Off. of the Pres.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)). The party seeking an order of contempt must show that the order was "clear and unambiguous." *Id.*

Plaintiffs have failed to meet this difficult burden, which is likely why they never previously even mentioned the word "contempt." The Court's Order did not direct the District to take any specific action, as plaintiffs themselves concede. *See* P.Mot. at 13 ("Rather than order the Defendants to adopt a specific licensing program, this Court enjoined the Defendants from, inter alia, 'enforcing D.C. Code § 22-4504(a) unless and until such time as the District of Columbia adopts a licensing mechanism consistent with constitutional standards enabling people to exercise their Second Amendment right to bear arms.") (quoting Order at 16 (footnote omitted)).

The District has complied with the Order, by passing the Emergency Act. The District is thus in full compliance with the Court's Order, and plaintiffs have not shown (and cannot show) otherwise. *See Armstrong*, 1 F.3d at 1289 (vacating contempt order based on government's failure to promulgate new regulations, because trial court never directly ordered government to do so).

3

Plaintiffs' motion does not ask for an injunction against enforcement of an existing law, but seeks to enjoin the enforcement of a *new* law, which requires a new lawsuit. The Court should deny the motion.

DATE: November 18, 2014                Respectfully submitted,

                                       EUGENE A. ADAMS
                                       Interim Attorney General for the District of Columbia

                                       ELLEN A. EFROS
                                       Deputy Attorney General
                                       Public Interest Division


                                            /s/ Andrew J. Saindon
                                       ANDREW J. SAINDON, D.C. Bar No. 456987
                                       Senior Assistant Attorney General
                                       Equity Section
                                       441 Fourth Street, N.W., 6th Floor South
                                       Washington, D.C. 20001
                                       Telephone: (202) 724-6643
                                       Facsimile: (202) 730-1470
                                       E-mail: andy.saindon@dc.gov