IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | Case No. 09-CV-1482-FJS |
| | ) | |
| Plaintiffs, | ) | MOTION TO HOLD |
| | ) | DEFENDANTS IN CONTEMPT |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MOTION TO HOLD DEFENDANTS IN CONTEMPT

Come now the Plaintiffs, Tom G. Palmer, Amy McVey, George Lyon, Edward Raymond,

and Second Amendment Foundation, Inc., by and through counsel, and move this Honorable Court

for an order holding Defendants in contempt of this Court's order, which enjoins Defendants from

enforcing D.C. Code § 22-4504(a) "unless and until such time as the District of Columbia adopts a

licensing mechanism consistent with constitutional standards enabling people to exercise their

Second Amendment right to bear arms." Mem. Decision & Order, Dkt. 51, at 16 (footnote omitted).

In support of said motion, Plaintiffs relate the following:

1.      The parties are agreed that this Court has jurisdiction to hold Defendants in contempt

for violating its injunction, notwithstanding the notice of appeal. See, *e.g.*, *NOW* v. *Operation

Rescue*, 816 F. Supp. 729, 734 (D.D.C. 1993), *aff'd in part, vacated in part*, 37 F.3d 646 (D.C.

Cir. 1994) (contempt notwithstanding notice of appeal); Def. Response, Dkt. 82, at 2 ("as Plaintiffs

(finally) acknowledge, the correct standard to adjudge alleged violations of court orders is

contempt"); *id.* at 3 ("Courts have the inherent power to punish disobedience through the use of civil

contempt, to compel compliance with their orders") (citations omitted).

2.      Plaintiffs have not "previously," prior to their previous filing, "mentioned the word 'contempt,'" Def. Response, Dkt. 82, because they were hoping to stress to Defendants through more diplomatic means Defendants' real, acute need to obtain *this Court's* position as to whether the revival of D.C. Code § 22-4506 is, or is not, "consistent with constitutional standards enabling people to exercise their Second Amendment right to bear arms." Mem. Decision & Order, Dkt. 51, at 16 (footnote omitted).

3.      Plaintiffs are not abandoning their motion for a permanent injunction. However, Plaintiffs have always stressed that a new injunction may not be required if the old one suffices. A new injunction was sought only in an abundance of caution, owing to the reversion of Section 22-4504(a) to the same text as was in place at the time this lawsuit was filed—and, yes, to obtain relief securing Plaintiffs' rights in less dramatic but equally effective means. But Defendants have boldly refused this Court's offer allowing them to seek a further stay, and now declare for themselves the power to determine that they are in compliance with constitutional standards—a matter reserved to the Court's judgment. Plaintiffs do not agree with Defendants' jurisdictional arguments regarding the motion for permanent injunction. But unlike Defendants, Plaintiffs are unwilling to make assumptions about how this or any other court will rule. Accordingly, and considering Defendants' practical invitation of this motion, Plaintiffs pursue this avenue of relief as well.

4.      This Court expressed its expectation that the City would "enact appropriate legislation consistent with the Court's ruling." Order, Dkt. 53, at 2 (footnote omitted). And "[a]s the Court explained at oral argument, if and when Defendants present this Court with a statute that provides some limitations on the carrying of handguns in public, rather than a total ban on such activity, the Court will then be required to determine whether to apply strict or intermediate scrutiny

to those limitations in order to decide whether they passed constitutional muster under the appropriate level of scrutiny." Mem. Decision & Order, Dkt. 75, at 4-5.

5.      Respectfully, there is no way to read the Court's opinions and orders, and to consider its statements, and not understand that obtaining relief from the injunction would require *the Court's* opinion that remedial legislation is adequate.

6.      Defendants now acknowledge that "[t]he Court knows what it ruled on and the scope of its judgment." Def. Response, Dkt. 82, at 1.

7.      Defendants have also admitted that they are enforcing D.C. Code § 22-4504(a), Def. Response, Dkt. 82, at 3. They claim that "[t]he District has complied with the Order, by passing the Emergency Act. The District is thus in full compliance with the Court's order . . . ." Def. Response, Dkt. 82, at 3. In other words, Defendants are *not* claiming that they are in compliance with the order by refraining to enforce Section 22-4504(a), and they are *not* claiming that they will refrain from enforcing Section 22-4504(a) unless and until they lose a new lawsuit.

8.      Indeed, Defendants' position is that anyone who is now carrying a handgun without a license will be arrested and prosecuted. Accordingly, Defendants have instructed the Metropolitan Police Department to enforce D.C. Code § 22-4504(a). See Exhibit 1. Defendants are causing individuals to be prosecuted for violation of D.C. Code § 22-4504(a). See, *e.g.*, Exhibits 2, 3, 4, 5.

9.      Despite being offered the opportunity to seek a further stay of this Court's order, Defendants have failed to do so. Defendants have also failed to seek a stay from the D.C. Circuit pursuant to Fed. R. App. P. 8.

10.     The Court has *not* held that Defendants' revival of D.C. Code § 22-4506 complies with Second Amendment standards. Nor have Defendants sought such a ruling.

3

11.     For the reasons amply stated in Plaintiffs' motion for permanent injunction, and the reply thereto, Dkt. Nos. 71, 74, incorporated as though fully set forth herein, Defendants' revival of D.C. Code § 22-4506 is not "consistent with constitutional standards enabling people to exercise their Second Amendment right to bear arms." Mem. Decision & Order, Dkt. 51, at 16 (footnote omitted). It does not "pass[] constitutional muster under the appropriate level of scrutiny." Mem. Decision & Order, Dkt. 75, at 5. Both sides have briefed this question fully, and an argument on that point is already set for November 20, 2014.

12.     "A party moving for a finding of civil contempt must show, by clear and convincing evidence, that: (1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order. The plaintiff must show that the order was clear and unambiguous. In addition, the defendant's noncompliance with the order must be proven by clear and convincing evidence. The defendant's intent regarding compliance with the order is irrelevant." *Int'l Painters & Allied Trades Indus. Pension Fund* v. *Zak Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citations omitted).

13.     As demonstrated supra, it is fairly obvious that (1) there was a court order in place, which this Court explained to Defendants on more than one occasion; (2) the order unambiguously required Defendants not to enforce D.C. Code § 22-4504(a) unless and until they enacted a licensing regime meeting constitutional standards, *as determined by this Court*; and (3) Defendants have failed to comply with the order, because they have not enacted a constitutionally-adequate licensing system, but are still enforcing D.C. Code § 22-4504(a). Although not necessary to find Defendants in contempt, Plaintiffs note that Defendants' conduct is willful.

WHEREFORE, Defendants should be ordered to show cause why they should not be held in contempt.

4

Dated: November 18, 2014

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By:   /s/ Alan Gura
Alan Gura

Attorney for Plaintiffs